FERGUS WHALIN
*v.*
THE CITY OF MACOMB.

1. STATUTE—*when directory only.*    Where a statute specifies the time within which a public officer is to perform an official act regarding the rights and duties of others, it will be considered as directory merely, unless the nature of the act to be performed or the language used by the

4—76TH ILL.

legislature shows that the designation of the time was intended as a limitation of the power of the officer.

2.   Where the charter of a city required the city authorities to publish a digest of its ordinances within one year after the grant of the charter, and every five years thereafter, it was *held*, in a suit by the city for the violation of an ordinance, that this requirement was only directory, and a neglect to observe it presented no ground for defeating a recovery.

3.   ORDINANCE—*right to recover under not defeated because act was a breach of party's bond.*   In a suit by a city to recover the penalty fixed by ordinance, for selling liquors contrary to the terms of his license, it is no defense that the defendant is liable to the city on his license bond for the same act, the ordinance prescribing that the penalties thereby imposed might be recovered in an action of debt, or as damages in a suit on the bond.   The fact that the acts complained of were breaches of the bond, makes them none the less violations of the ordinance.

4.   CHARTER—*forfeiture, how questioned.*   Whether a city has forfeited its charter, can only be raised in a direct proceeding by *scire facias* or *quo warranto.*   The question can not be raised in a suit for a violation of its ordinances.

APPEAL from the Circuit Court of McDonough county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

This was a prosecution, by the city of Macomb against Fergus Whalin, a licensed saloon keeper, for selling liquor contrary to the ordinance of the city regulating such sales by licensed persons.   The suit was originally brought before a justice of the peace, and taken to the circuit court by appeal. Section seven of the ordinance under which the suit was brought, is as follows:

"Any person or persons who have obtained a license to keep a grocery under the provisions of this ordinance, as aforesaid, and shall fail or neglect to keep a quiet, orderly and well governed house, or shall knowingly suffer or permit gaming in or about his grocery, or shall fail, neglect or refuse to keep his grocery closed at all hours on Sunday, or who shall open his grocery or cause the same to be done before $4\frac{1}{2}$ o'clock A. M., or who shall keep his grocery open, or cause, suffer or permit it to be kept open, after forty-five minutes past 9 o'clock P. M., railroad time, or who shall sell

or give away any of the liquors mentioned in section one hereof to minors, without the written consent of such minor's parent, guardian or master, or who shall sell or give away any of said liquors named in section one to an intoxicated person, or one who is in the habit of getting intoxicated, or who shall violate any of the provisions of the ordinances of this city relative to groceries or spirituous and intoxicating liquors, or who shall fail, neglect or refuse to observe and obey all orders of the city council respecting his grocery and business done therein, shall be deemed to have violated this ordinance and the condition of his or their bond, and for each and every of the acts of violation, aforesaid, shall forfeit and pay to said city the sum of $100, which may be recovered in an action of debt, or as damages in a suit on his or their bond."

The cause was tried in the circuit court, and the defendant found guilty of two violations, and the damages assessed at $200, for which sum judgment was rendered, and for costs. The defendant appealed.

Messrs. COLE & SIMMONS, for the appellant.

Mr. E. P. PILLSBURY, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

There are but two grounds of reversal insisted on in the argument filed on behalf of appellant, and they may be briefly disposed of.

*First*—It is argued that by section 28 of the charter of the city of Macomb, a digest of the ordinances of the city is required to be published in one year after granting the charter, and a like digest within every period of five years thereafter; and that this duty has been disregarded by the city, as the last digest of its ordinances was published on the 13th of November, 1868

Whether it is intended to insist that the city has thereby forfeited its charter, or only that the ordinances, a digest of which has not been published within five years, are void, is not entirely clear. If the former is intended, it would seem to be a sufficient answer that the question of whether the charter has been forfeited can only be raised in a direct proceeding for that purpose—by *scire facias* or *quo warranto*. If, however, as is more probable, it is only intended to be claimed that the ordinances are void, it will be readily seen that this requirement in the charter belongs to that class of legislation which is held to be directory merely. It is not declared in the section under consideration, that the ordinances shall be void if not thus published, nor is there any other language used showing that such publication was to be a condition precedent to the further exercise of municipal powers by the city. The publication seems designed merely for the convenience of those whose duties or necessities require that they should be familiar with the ordinances, it being entirely independent from that required prior to the ordinance being in force as a municipal law—which is shown by the record to have been properly made.

A familiar common law rule, repeatedly recognized by this court, is : "Where a statute specifies the time within which a public officer is to perform an official act regarding the rights and duties of others, it will be considered as directory merely, unless the nature of the act to be performed, or the language used by the legislature, shows that the designation of the time was intended as a limitation of the power of the officer." This applies with equal force where, as in the present instance, the act to be done requires the co-operation of several officers.

*Second*—It is claimed that, under the ordinance by virtue of which the suit is brought, appellant, if liable at all, could only be sued on his bond, which he was required to execute to secure his faithful compliance with the law and ordinances while engaged in his business.

We fail to appreciate the force of this argument. The ordinance, as copied in the record and published in appellant's abstract, is explicit in its language, that the penalties thereby imposed "may be recovered in an action of debt, or as damages in a suit on his or their bond." The causes for which these penalties may be imposed are distinctly stated ; and they are none the less offenses under the ordinance because they are also breaches of the conditions of the bond.

The judgment is affirmed.

*Judgment affirmed.*