(No. 15241.—Judgment reversed.)

THE PEOPLE *ex rel.* Samuel H. Markel, County Collector, · Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed April 18, 1923.*

1. TAXES—*park district organized under act of 1895 cannot levy tax in excess of two and two-thirds mills.* A park district organized under the act of 1895 is not authorized to levy, in excess of the limit of two and two-thirds mills provided in section 22, the additional or increased tax provided in the act of 1885 as amended in 1919, (Laws of 1919, p. 818,) as the latter act can have no reference to the act of 1895, and the amendment of 1919 was merely to reduce the tax rate of the act of 1885 to correspond with the increase in the assessed value from one-third to one-half.

2. SAME—*tax for public benefits assessed against city must be included in rate for corporate purposes.* A tax for the payment of public benefits assessed against·a city in the making of public improvements must be included in the levy for general corporate purposes unless expressly exempted ·from the statutory limitation, and the statute authorizing the levy of an additional tax for the creation of a public benefit fund does not exempt the additional tax from the statutory limit.

APPEAL from the County Court of Stephenson county; the Hon. OSCAR ZIPF, Judge, presiding.

DOUGLAS PATTISON, and RAY T. LUNEY, (JOHN G. DRENNAN, of counsel,) for appellant.

CHARLES H. GREEN, State's Attorney, ALBERT H. MANUS, and ROBERT B. MITCHELL, for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a judgment of the county court of Stephenson county overruling objections to a park tax and a city tax.

Freeport Park District, which lies in Stephenson county, was organized under the act of 1895 which provides for the organization of park districts. (Hurd's Stat. 1921, p. 2260.) Section 20 of the act empowers the district to levy and collect a general tax for the construction and maintenance of the park, and section 22 limits the aggregate amount of taxes to be levied in any one year, exclusive of the amount levied for the payment of bonded indebtedness and interest thereon, to two and two-thirds mills on each dollar of taxable property in the district. (Laws of 1919, p. 831.) The Freeport Park District by an ordinance levied the maximum tax, and in addition thereto a half-mill emergency tax. The district bases its authority to levy this emergency tax upon an act amending the act of 1885, adopted "to enable park commissioners to improve, govern and maintain the parks" then under their control. This amendatory act provides: "That every board of park commissioners, having a bonded indebtedness incurred by virtue of the laws of this State, which is unable, after paying the interest and yearly maturing bonds, to properly improve, govern, and maintain the parks and boulevards under its control, with the amount of money now authorized by law to be raised and set apart for that purpose, shall, in addition to the amount of money now authorized to be raised by taxation on the property embraced in its park district, be allowed a sum not exceeding two-thirds of one mill on each dollar of taxable property embraced in such park dis-

trict." (Laws of 1919, p. 818.) It is clear from the title of this act that it was not intended to provide a system for organizing parks, but it was adopted to enable the park districts theretofore organized to continue to function. The act of 1885 has no reference to parks organized under the act of 1895, because the latter provides a complete system for organizing, improving and maintaining park districts. The only object of adopting the amendments to these acts in 1919 was to reduce the tax rate thirty-three and one-third per cent, because property in the State was thereafter to be assessed at one-half its actual value instead of one-third. The total amount of park district tax assessed against the appellant was $538.32. Of this amount the appellant paid $479.81 and refused to pay the additional tax, amounting to $58.51. The act under which the Freeport Park District is organized and is operating limits its taxing power, and any amount levied in excess of the limit fixed in that act is void. The objection to the excess should have been sustained.

The city of Freeport levied taxes for general purposes requiring a rate of $1.33⅓ on the $100 assessed valuation, and in addition thereto a tax of twenty cents for public benefits. We held in *People* v. *Louisville and Nashville Railroad Co.* (*ante,* p. 173,) that a tax for the payment of public benefits assessed against the city in the making of public improvements must be included in the levy for general corporate purposes of the city unless expressly exempted from the statutory limitation, and that the statute authorizing the levy of an additional tax for the creation of a public benefit fund did not so exempt it. The objection to this excess tax should have been sustained.

The judgment of the county court is reversed.

*Judgment reversed.*