(No. 15675.—Reversed and remanded.)

THE PEOPLE *ex rel.* A. H. Stevenson, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 19, 1923.*

1. TAXES—*curative act cannot validate tax levy in excess of the authorized rate.* Where a city tax levy exceeds the authorized rate because the levies for police and firemen's pension funds, public benefits and streets and bridges were not included in the full rate for general corporate purposes but were levied in addition thereto, the curative act of June 26, 1923, (Laws of 1923, p. 265,) cannot validate the unauthorized excess rate, as in purporting to do so it violates sections 9 and 10 of article 9 of the constitution, prohibiting the legislature from imposing taxes for corporate purposes.

2. SAME—*when excess road and bridge tax is void for want of consent of town auditors—curative act of 1923.* To authorize the highway commissioner to levy a tax for roads and bridges in excess of the rate of fifty cents on the $100, written consent must be obtained of the town auditors at a meeting held on the first Tuesday in September; and consents obtained in one town from individual members of the board and in another at a meeting held prior to the time provided in the statute are not sufficient to authorize the excess tax, and the curative act of May 31, 1923, (Laws of 1923, p. 566,) cannot validate the excess tax, and in so far as it purports to do so is void.

3. SAME—*the amount of maximum tax must be determined on equalized valuation of tax commission.* Under the amendment of 1921 to the act concerning the levy and extension of taxes, (Laws of 1921, p. 763,) the amount of maximum tax authorized under any statutory rate must be determined on the equalized valuation of the tax commission, and where the county valuation is used the county clerk should reduce the maximum rate so that the amount of tax extended shall not exceed the amount derived by extending the rates against the State value.

4. STATUTES—*a curative act cannot validate the exercise of unauthorized power.* The power of the legislature to validate by a curative act any proceedings which it might have authorized in advance is limited to the case of the irregular exercise of power or the waiving of some defect in the exercise of an existing power where the thing waived is not necessary to the existence of the

power, and the legislature cannot by a curative act make void proceedings valid or give to the exercise of an assumed power by an unauthorized body the effect of the act of an authorized body exercising a lawful power.

APPEAL from the County Court of Stephenson county; the Hon. EDWARD E. LAUGHLIN, Judge, presiding.

DOUGLAS PATTISON, and RAY T. LUNEY, (JOHN G. DRENNAN, of counsel,) for appellant.

CHARLES H. GREEN, State's Attorney, and ALBERT H. MANUS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Illinois Central Railroad Company filed objections to the application of the county collector of Stephenson county for judgment against its railroad for taxes, and has appealed from the judgment overruling certain of the objections.

The taxes involved are those of the city of Freeport and the road and bridge taxes in certain townships.

Pursuant to the appropriation ordinance of the city of Freeport the county clerk extended taxes against the property situated in the city at the following rates on the $100: For general purposes, $1.33⅓ cents; bonds and interest, 33⅔ cents; library, 18 cents; police pension fund, 3 cents; firemen's pension fund, 2 cents; public benefits, 20 cents; streets and bridges, 24 cents,—making an aggregate rate of $2.34. Section 1 of article 8 of the Cities and Villages act limits the aggregate amount of taxes which may be levied by cities of the population of Freeport, exclusive of the amount levied for bonded indebtedness or interest thereon and the taxes authorized by law for specific purposes, to $1.33⅓ cents, within which rate were required to be included the levies for police and firemen's pension funds, public benefits and streets and bridges. The levies for these

four purposes amount to 49 cents on the $100. The amount which the ordinance purported to levy exceeded the rate which the city council had any power to levy by that rate and the levy was to that extent void. *People* v. *Illinois Central Railroad Co.* 307 Ill. 457; *People* v. *Louisville and Nashville Railroad Co.* id. 173.

While the cause was pending the legislature passed an act "to validate certain taxes of cities, villages and incorporated towns," (Laws of 1923, p. 265,) which was approved by the Governor on June 26, 1923. The act provided that where any city, village or incorporated town had theretofore levied taxes in excess of the general limitation prescribed in section 1 of article 8 of the Cities and Villages act for various purposes, among which were police pension fund, for firemen's pension fund, for public benefit tax, for street and bridge purposes, all as provided by the respective acts concerning such subjects, "such taxes, if otherwise legal, are hereby declared to be valid taxes." The correctness of the judgment depends upon the validity of this act. The act is unconstitutional and void because it violates sections 9 and 10 of article 9 of the constitution. Those sections prohibit the General Assembly from imposing taxes on the people of any district for corporate purposes. (*Updike* v. *Wright,* 81 Ill. 49; *Cornell* v. *People,* 107 id. 372; *Wetherell* v. *Devine,* 116 id. 631; *Herschbach* v. *Kaskaskia Island Sanitary District,* 265 id. 388.) The city council in levying taxes in excess of $1.33⅓ cents on the valuation was acting without authority of law, and the taxes which it purported to levy were void and imposed no liability on the inhabitants of the city. *People* v. *Illinois Central Railroad Co. supra; People* v. *Louisville and Nashville Railroad Co. supra.*

If the tax is held to be a valid tax it is only because of the act of the legislature by which such taxes "are hereby declared to be legal," and will therefore be a tax imposed by the legislature upon the inhabitants of the city

for corporate purposes in direct violation of the express prohibition of section 10 of article 9 of the constitution. The power of the legislature to validate by curative law any proceedings which it might have authorized in advance is limited to the case of the irregular exercise of power. It cannot cure the want of authority to act at all. (*People* v. *Wisconsin Central Railroad Co.* 219 Ill. 94.) "A tax levied which is not authorized by law is illegal and the legislature cannot validate it by a curative act." (*People* v. *Bell*, 309 Ill. 387.) The legislature may pass a curative act waiving some defect in the exercise of an existing power where the thing waived is not necessary to the existence of the power, but it cannot by a curative act make valid void proceedings. (*Roberts* v. *Eyman*, 304 Ill. 413.) It cannot give to the exercise by an unauthorized body of an assumed power which has no existence the effect of the act of an authorized body exercising a lawful power. In the case of *People* v. *Wisconsin Central Railroad Co. supra*, the levy of a tax by the county of Vermilion which failed to specify the particular purposes for which the tax was levied and was therefore not authorized by the statute, was held to be validated by an act of the legislature passed for that purpose. In that case, however, the county had the power given it by the statute to levy the taxes, and the irregularity was only in the exercise of the power, in the omission to comply with a formal requirement not a condition precedent to its exercise. It was said in that case that while curative acts may heal irregularities they cannot cure the want of authority to act at all.

In *Marshall* v. *Silliman*, 61 Ill. 218, an election to vote on the question of subscribing $15,000 worth of stock in a railroad company and issue bonds to pay for it, held in a township, was held without authority of law. After the election the legislature passed an act which purported to legalize and confirm the election and declared it to be bind-

ing upon the township. The court said: "This law, if valid, had the effect of creating a debt of $15,000 against this township. It declares that the subscription is binding and may be collected from the township in the same manner as if it had been legally made. Before the passage of this act it was not binding and could not be collected. If it is now binding it became so for the first time at the passage of this law, and is so solely by force of the law." So in this case, the tax, if valid, is so only by force of the curative act. The levy to the extent of the rate of $1.33⅓ cents for general purposes, which includes police and firemen's pension funds, streets and bridges and public benefits, of 33⅔ cents for bonds and interest and of 18 cents for library, making an aggregate of $1.85, was valid, but the excess above that rate was void and the objection should have been sustained.

Objection was also made to the road and bridge taxes of the towns of Ridott, Silver Creek, Harlem, Oneco and Waddams, in excess of 50 cents on the $100, because such taxes were levied without the consent, in writing, of a majority of the board of town auditors at a meeting held on the first Tuesday in September. The written consents were obtained in each case prior to the first Tuesday in September from the individual members of the board, but no official action was taken by the board in any of the towns except Ridott. In the town of Ridott the board of town auditors met on August 31, 1922, and authorized the levy of the tax in excess of 50 cents and signed the consents. On the first Tuesday in September the board again met, and its record shows that authority was then given to the highway commissioner to extend the higher rate, but no consent in writing was then signed and given, as this consent had already been given on August 31. The consents so given were insufficient to authorize the levy of the excess rate. (*People* v. *Chicago and Eastern Illinois Railway Co.* 306 Ill. 402; *People* v. *Cleveland, Cincinnati, Chicago and*

St. Louis Railway Co. 307 id. 162.)   The appellee relies
upon another curative act approved May 31, 1923, "to
validate certain township taxes."   (Laws of 1923, p. 566.)
This act is unconstitutional for the same reason as the act
which has just been considered.   The same principle which
applies to the excessive rate of the city of Freeport ap-
plies to the excessive rate of these road and bridge taxes.
Without the consent of the board of town auditors the high-
way commissioner had no more authority to levy a rate in
excess of 50 cents on the $100 than the city council had to
levy a rate in excess of $1.33⅓ cents on the $100.   The
obtaining of this consent was not a mere formality in the
execution of the power but was an essential prerequisite,—
a condition precedent to any exercise of the power.   This
objection should also have been sustained.

The further objection is made to the road and bridge
taxes of these towns, and also the towns of Buckeye and
Winslow, that the county clerk extended the rate on the
assessed value as equalized by the county board instead of
on the assessed value as equalized by the tax commission.
The amendment of the act concerning the levy and exten-
sion of taxes, passed in 1921, (Laws of 1921, p. 763,) pro-
vides, "that in determining the amount of the maximum
tax authorized to be levied by any statute of this State, the
assessed valuation of the current year of the property in
each taxing district, as equalized by the State Tax Commis-
sion, shall be used.   And if the amount of any tax certified
to the county clerk for extension shall exceed the maximum
allowed by law, determined as above provided, such excess
shall be disregarded, and the residue only treated as the
amount certified for extension."   The road and bridge taxes
levied in each of the seven towns named equaled or ex-
ceeded the maximum rate of 50 cents on the $100.   It was
therefore necessary for the county clerk to reduce the maxi-
mum rate in order that the amount of tax extended upon
the county value should not exceed the amount of tax de-

rived by extending the rates against the State value. This was not done, but the tax was extended at the full rate levied against the value as equalized by the county board. This objection should also have been sustained.

The judgment of the county court will be reversed and the cause will be remanded, with directions to sustain the appellant's objections.

*Reversed and remanded, with directions.*