(No. 15878.—Judgment affirmed.)

THE PEOPLE *ex rel.* Lial C. Pollock, County Collector, Appellant, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY, Appellee.

*Opinion filed April 14, 1924.*

1. TAXES—*when additional town road and bridge tax is void.* Under section 56 of the Road and Bridge law, consent to the levy of a tax in addition to fifty cents on the $100 for township road and bridge purposes must be obtained at the regular meeting of the town auditors on the first Tuesday in September before the levy of the tax, and where such consent is obtained at a prior meeting and at the regular meeting the board merely approves the commissioner's certificate showing the levy of the additional tax, the additional levy must be held void. (*People* v. *Chicago and Eastern Illinois Railway Co.* 306 Ill. 402, followed.)

2. SAME—*curative act of May 31, 1923, is invalid.* The curative act of May 31, 1923, "to validate certain township taxes," (Laws of 1923, p. 566,) cannot validate an unauthorized tax, and in purporting to do so it is invalid. (*People* v. *Illinois Central Railroad Co.* 310 Ill. 212, followed.)

APPEAL from the County Court of Iroquois county; the Hon. JOHN H. GILLAN, Judge, presiding.

W. E. LEWIS, (ELMER A. TAYLOR, State's Attorney, and D. A. SMITH, of counsel,) for appellant.

FREE P. MORRIS, and ROSCOE C. SOUTH, (HOMER T. DICK, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The county court of Iroquois county sustained the objection of the Chicago and Eastern Illinois Railway Company to the application of the county collector for judgment against its property for so much of the road and bridge tax of Fountain Creek township as exceeded the rate of fifty cents on the $100 valuation, and the collector appealed.

The only question argued is whether the written consent of the majority of the board of town auditors for the extension of a greater rate than fifty cents was in compliance with section 56 of the Road and Bridge law, which was construed in *People* v. *Chicago and Eastern Illinois Railway Co.* 306 Ill. 402, to require such consent to be given on the first Tuesday of September before the making of the levy for the additional amount and to be the official action of the board at one of the regular meetings required by law.

The first Tuesday in September, 1922, was the fifth day of the month, and the record shows that the members of the board of town auditors met on August 21 and unanimously granted the request of the commissioner of highways for authority to levy an additional tax of sixteen cents on the $100, and a written consent for that purpose was then signed by a majority of the board. On September 5 the record of the board of town auditors shows that the board met for the purpose of auditing town accounts, and that the highway commissioner, being present, submitted his certificate of a sixty-six-cent levy for a road and bridge tax for the coming year and that his certificate of levy was confirmed and approved by the board. Under the authority of the case cited, which has been followed in subsequent cases, the consent so given was not a compliance with the law and did not authorize the levy of the additional tax.

Reliance is placed by the appellant upon the act of the General Assembly of May 31, 1923, "to validate certain township taxes." (Laws of 1923, p. 566.) This act was held unconstitutional in *People* v. *Illinois Central Railroad Co.* 310 Ill. 212, *People* v. *Chicago and Eastern Illinois Railway Co.* id. 257, and *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* id. 428.

The judgment will be affirmed.     *Judgment affirmed.*