(No. 18007.—Reversed and remanded:)

THE PEOPLE *ex rel.* Patrick J. Carr, County Collector, Appellant, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellee.

*Opinion filed February 16, 1927—Rehearing denied April 8, 1927.*

1. TAXES—*what constitutes the levy of a tax.* It is the action of the taxing body in determining how much money must be raised by taxation which constitutes the levy of a tax.

2. SAME—*when tax of forest preserve district is properly levied.* The tax of a forest preserve district is properly levied where the levy ordinance is passed within the time provided for cities and villages by section 1 of article 8 of the Cities and Villages act and where the appropriation bill on which the ordinance is based was passed and published before the passage of the levy ordinance, although it was not passed until after the first quarter of the fiscal year.

3. SAME—*what is not required by section 13 of Forest Preserve District act as to levy of tax.* The provision of section 13 of the Forest Preserve District act that general taxes of forest preserve districts shall be levied at the same time and in the same manner as taxes are levied for city and village purposes does not require that all antecedent action required of cities and villages for a valid tax levy shall be observed by forest preserve districts.

APPEAL from the County Court of Cook county; the Hon. EDMUND K. JARECKI, Judge, presiding.

ROBERT E. CROWE, State's Attorney, and ROBERT C. O'CONNELL, (HAYDEN N. BELL, W. W. DEARMOND, JAMES F. CLANCY, and ADOLPH D. WEINER, of counsel,) for appellant.

BRUNDAGE, LANDON, HOLT & BOORD, (ROBERT N. HOLT, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

The county treasurer and *ex-officio* county collector of Cook county made application to the county court of that county for judgment and order of sale of lands for delin-

quent taxes of 1925. The Chicago, Burlington and Quincy Railroad Company, appellee, filed objection to the taxes of the Forest Preserve District of Cook county, the objection being that the district did not pass its annual appropriation ordinance within the first quarter of the fiscal year. The objection was sustained by the county court and judgment rendered thereon in favor of appellee, and appellant has perfected an appeal therefrom to this court.

The Forest Preserve District act provides that the general taxes for a district shall be levied at the same time and in the same manner as taxes are levied for city and village purposes. (Smith's Stat. chap. 57½, sec. 14.)

Section 2 of article 7 of the Cities and Villages act provides: "The city council of cities, and board of trustees in villages, shall, within the first quarter of each fiscal year, pass an ordinance, to be termed the annual appropriation bill, in which such corporate authorities may appropriate such sum or sums of money as may be deemed necessary to defray all necessary expenses and liabilities of such corporation, and in such ordinance shall specify the objects and purposes for which such appropriations are made, and the amount appropriated for each object or purpose." (Smith's Stat. 1925, p. 330.)

Section 1 of article 8 of the Cities and Villages act provides: "The city council or board of trustees, as the case may be, shall, annually, on or before the third (3d) Tuesday in September in each year, ascertain the total amount of appropriations for all corporate purposes legally made and to be collected from the tax levy of that fiscal year; and, by an ordinance specifying in detail the purposes for which such appropriations are made and the sum or amount appropriated for each purpose respectively, shall levy the amount so ascertained upon all the property subject to taxation within the city or village as the same is assessed and equalized for State and county purposes for the current year." (Smith's Stat. 1925, p. 333.)

325—7

The annual appropriation bill of the forest preserve district was passed and published before the levy ordinance was passed, and the levy ordinance was based on these appropriations and was passed within the time provided for cities and villages by section 1 of article 8 of the Cities and Villages act above set out.

This court has at various times differentiated between the antecedent basic requirements for a valid tax levy, the subsequent action necessary to effectuate the levy and the levy of the tax itself, and held that it is the action of the taxing body in ascertaining and determining how much money must be raised by taxation which constitutes the levy. (*People* v. *Cox,* 301 Ill. 130; *People* v. *Illinois Central Railroad Co.* 314 id. 339; *People* v. *Chicago and Eastern Illinois Railroad Co.* 313 id. 361; *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 321 id. 499; *People* v. *Baltimore and Ohio Railroad Co.* 320 id. 560.) Section 13 of the Forest Preserve District act does not require that all antecedent action required of cities and villages for a valid tax levy shall be observed by a forest preserve district but only requires that the tax shall be levied at the same time and in the same manner as taxes are levied for city and village purposes. There is no provision of the act requiring the passage of an appropriation bill within the first quarter of each fiscal year. The tax in question was levied at the same time and in the same manner as taxes are levied for city and village purposes. It was properly certified and extended according to law and was a valid tax.

The court erred in sustaining appellee's objections to the tax in question, and the judgment of the county court must therefore be reversed and the cause remanded.

*Reversed and remanded.*