(No. 26105.—

THE PEOPLE ex rel. Oscar N. Larson, County Collector, Appellee, vs. CHARLES M. THOMPSON, Trustee, et al. Appellants.

*Opinion filed June 17, 1941.*

Lowell B. Smith, and Nelson Trottman, for appellants.

Ross E. Millet, and Clark H. Countryman, for appellee.

Mr. Justice Smith delivered the opinion of the court:

This is an appeal from an order and judgment of the county court of DeKalb county overruling objections of appellants to judgment for delinquent taxes. The taxes involved are taxes extended for the DeKalb County Forest Preserve District, the Waterman Community Fire Protection District and five separate school districts.

The objection to the taxes extended for the DeKalb County Forest Preserve District is that no appropriation ordinance adopted by the board of commissioners of said district was in force at the time the levy ordinance was passed.

The record shows that the board of commissioners of the DeKalb County Forest Preserve District passed an appropriation ordinance on July 18, 1939. In this ordi-

nance there was appropriated for seven designated items, or purposes, the sum of $18,000, in the aggregate. This ordinance was not published until September 8, 1939. The tax levy ordinance purporting to levy $18,000 for the specific purposes named in the appropriation ordinance was passed September 15, 1939. The specific objection is that the appropriation ordinance, not having been published within ten days after its passage, and ten days not having elapsed between the actual publication of that ordinance and the date the levy ordinance was passed, the appropriation ordinance was not in force at the time the levy ordinance was passed.

The DeKalb County Forest Preserve District was organized under the Forestry act of June 27, 1913. (Ill. Rev. Stat. 1939, chap. 57½.) Section 11 of that act provides that all ordinances imposing any fine, or penalty, or making any appropriation of money shall, within ten days after their passage, be published at least once in some newspaper published in such district, or having a general circulation therein, and that no such ordinance shall take effect until ten days after it is so published. (Ill. Rev. Stat. 1939, chap. 57½, par. 12.) All other ordinances and all orders or resolutions take effect from and after their passage, unless otherwise provided therein.

It is first contended by appellants that the failure to publish the appropriation ordinance within ten days from the date of its passage renders the appropriation ordinance void and that it never became effective. It is further contended that even though the publication of the appropriation ordinance on September 8, 1939, constituted a compliance with the above statute, that said appropriation ordinance did not become effective until ten days after it was published; that the levy ordinance, having been passed on September 15, 1939, and within ten days of the publication of the appropriation ordinance, the appropriation ordinance was not in force at the time the levy ordinance was passed,

and that the taxes levied and extended are void for that reason. It is the contention of appellee that the above provision of the statute providing for the publication of the appropriation ordinance within ten days after its passage is merely directory, and that the ordinance may be published at any time after its passage without affecting its validity when so published. In support of this contention appellee cites and relies upon *Whalin* v. *City of Macomb,* 76 Ill. 49, and *People* v. *Donaldson,* 255 id. 19.

The case of *Whalin* v. *City of Macomb, supra,* was a prosecution for the violation of a city ordinance of the city of Macomb. The city of Macomb was organized under a special act of the legislature. That act provided that the city officers should publish a digest of its ordinances within one year after the grant of the charter, and every five years thereafter. There had not been published a digest of city ordinances within five years prior to the time the ordinance there involved was passed. It was not provided in the charter that an ordinance of the city should not become effective until it was published, nor that the ordinances should be void if not thus published. This court held that the provision of the charter requiring a digest of the ordinances to be published every five years was directory, and that the failure to publish such digest did not affect the validity of the ordinances passed more than five years after the last publication of the digest. This court there applied the well-known common law rule that where a statute specifies the time within which a public officer is to perform an official act affecting the rights and duties of others, it will be considered as directory, merely, unless the nature of the act to be performed, or the language used by the legislature, shows that the designation of the time was intended as a limitation on the power of the officer to act.

The case of *People* v. *Donaldson, supra,* involved the legality of a grand jury, selected within twenty days before

the first day of the term of court at which such grand jury was to serve. In that case the grand jury was selected only nineteen days before the first day of the term of court at which it was to serve. There was a motion to quash the indictment based on that ground. This court, citing *Whalin* v. *City of Macomb, supra,* held that the provision requiring the grand jury to be selected twenty days before the first day of the term was merely directory. It will be noted that the question involved in those cases was not at all similar to the question here involved. Those cases are not in point.

Section 13 of the Forestry act provides that all general taxes levied by the commissioners of any forest preserve district, shall be levied annually in the same manner as taxes are levied for city and village purposes. In our opinion the provision of section 11 of the Forestry act requiring that an appropriation ordinance be published within ten days after its passage is merely directory, that if such ordinance is not published within ten days it may be thereafter published and will become effective ten days after the date of publication. This holding is in harmony with the common law rule above referred to and which rule has been many times approved by this court.

The objection, however, to the legality of the levy ordinance passed within ten days from the date of the publication of the appropriation ordinance presents a more serious question. Section 11 of the act expressly provides that no ordinance making any appropriation of money shall take effect until ten days after it is published. If the above language of said section 13, providing that taxes shall be levied in the same manner as taxes are levied for city and village purposes, means that the appropriation ordinance must actually be in force before the levy ordinance is passed, the levy ordinance in this case cannot be sustained, because it was passed within ten days from the date of the publication of the appropriation ordinance. In order to ascertain the manner in which taxes are levied for city and vil-

lage purposes, we are referred, by the act itself, to the Cities and Villages act. Section 2 of article 7 of the Cities and Villages act, which is paragraph 101 of chapter 24 of our statutes, provides that the city council of cities and the board of trustees of villages shall, within the first quarter of each fiscal year, pass an annual appropriation ordinance. (Ill. Rev. Stat. 1939, chap. 24, par. 101.) Paragraph 123 of the same chapter provides that the city council, or board of trustees, shall, annually, on or before the third Tuesday in September, ascertain the total amount of appropriations for all corporate purposes legally made and to be collected from the tax levy of the fiscal year, and by an ordinance shall levy the amount so ascertained upon the property, subject to taxation within the city or village. Paragraph 76 of the same chapter provides, *inter alia,* that all ordinances of cities and villages making any appropriation shall, within one month after they are passed, be published at least once in a newspaper published in the city or village, and that no such ordinance shall take effect until ten days after it is so published.

By section 13 of the Forestry act the legislature conferred upon forest preserve districts organized under said act the power to levy taxes. The power thus granted was to levy taxes "in the same manner as taxes are levied for city and village purposes." By that language it is obvious that the legislature intended to confer upon forest preserve districts the same power to levy taxes which was conferred upon cities and villages by the act governing those municipalities and no greater.

We have repeatedly held that cities and villages have no power to pass an ordinance levying taxes unless they have theretofore passed an appropriation ordinance, which appropriation ordinance is in force at the time the levy ordinance is passed. By the express language of the statute, the corporate authorities of cities and villages have no power to pass an ordinance levying taxes unless there is

an appropriation ordinance in force. Under the Cities and Villages act, an appropriation ordinance does not become effective until ten days after its publication, as provided in said act. By section 11 of the Forestry act an appropriation ordinance of a forest preserve district likewise does not become effective until ten days after its publication.

In *People* v. *Wabash Railway Co.* 360 Ill. 173, this court held that an appropriation ordinance was not in force and effect until ten days after its publication. It was further held that a levy ordinance was void which was passed before the expiration of ten days after the publication of the appropriation ordinance. Numerous cases were cited in that opinion in support of the rule.

To meet the objection that the appropriation ordinance was not in force at the time the levy ordinance was passed appellee cites and relies upon the case of *People* v. *Chicago, Burlington and Quincy Railroad Co.* 325 Ill. 96. That case involved a levy under the Forestry act. The objection was that the annual appropriation ordinance was not passed within the first quarter of the fiscal year. No question was there raised that the appropriation ordinance was not in force at the time the levy ordinance was passed. It appears from the opinion that the appropriation ordinance was passed and published and that the levy ordinance was passed at the time provided by statute. It was there held that section 13 of the Forestry act does not require that all antecedent action required of cities and villages for a valid tax levy shall be observed by a forest preserve district but only requires that the tax "shall be levied at the same time and in the same manner as taxes are levied for city and village purposes." It was further held that the failure to pass the annual appropriation ordinance within the first quarter of the fiscal year did not render the tax involved in that case void, because the tax was, in fact, "levied at the same time and in the same manner as taxes are levied for city and village purposes." That case is not authority

for the contention that the statute does not require that there be an appropriation ordinance passed, published, and in force prior to the time the tax levy ordinance is passed. No such question was involved in that case. It was there held that the failure of a forest preserve district to pass an appropriation ordinance within the first quarter of the fiscal year, as required by section 2 of article 7 of the Cities and Villages act (Ill. Rev. Stat. 1939, chap. 24, par. 101) did not render the taxes void under the language of section 13 of the Forestry act which provides that taxes levied by a forest preserve district shall be levied at the same time and in the same manner as taxes are levied for city and village purposes. The taxes objected to in this case were not levied at the same time and in the same manner as taxes are levied for city and village purposes. They were levied at a time when no appropriation ordinance was in force and when the corporate authorities of the district had no power to levy taxes. It follows that the levy ordinance having been passed within ten days from the date the appropriation ordinance was published, the board of commissioners was without power to pass the levy ordinance at that time. The levy ordinance here involved was passed at a time when no appropriation ordinance was in force. The levy ordinance was, therefore, void because the board of commissioners was without power to pass it at the time the ordinance was adopted.

Appellee relies upon a curative act passed by the legislature in 1940 as curing this objection to the levy ordinance. By the curative act it was provided that when the board of forest preserve commissioners of any district had, theretofore, during the fiscal year 1939, adopted an annual appropriation ordinance, and subsequently, during said year, had adopted a tax levy ordinance based upon such appropriation ordinance, then such appropriation ordinance and tax levy ordinance, and the taxes levied and extended thereon, were validated "notwithstanding the publication

of the appropriation ordinance occurred more than ten days after its passage, and notwithstanding that the tax levy ordinance was passed within ten days after the publication of the appropriation ordinance." (Laws 1940, First Spec. Sess. p. 45, sec. 1.) It is conceded by appellants that this case falls squarely within the language of said curative act. They admit that if this act is valid the defects in the levy ordinance, on which this objection is based, were cured and the levy ordinance should be treated as valid. They assert, however, that the curative act is ineffective to cure the defects.

An examination of the numerous decisions of this court upon the subject of so-called curative or enabling acts discloses that the rule is definitely settled in this State, that the legislature may, by statute, validate the illegal or defective exercise of a power where the power exists at the time its exercise was attempted. However, the General Assembly cannot give validity to the exercise of a power where such assumed power did not exist at the time it was purported to have been exercised. The power to levy a tax by an administrative body is jurisdictional. Jurisdiction to act cannot be conferred by subsequent legislation where the power to act was lacking at the time the purported action was taken. *People* v. *Chicago and Eastern Illinois Railway Co.* 365 Ill. 202.

In *People* v. *Hamilton,* 373 Ill. 124, this court held that the fundamental requirements for raising money by taxation are legal authority of the taxing body to levy the tax, and the making of such levy by the proper body within the proper time. In that case the statute required that the collector's books should be delivered for the collection of taxes on or before the first day of December, annually. It was held that the requirement that the collector's books be delivered on or before December 1 was not mandatory. It was further held, however, that a levy of taxes made

after December 1 was void and could not be validated by subsequent legislation.

We have already seen that the statute confers upon the board of commissioners of a forest preserve district the power to pass an ordinance levying taxes only after an appropriation ordinance has been adopted, and is in force. And that, until an appropriation ordinance is passed and in force, the commissioners of such district have no power to levy taxes. Under the Forestry act the passage of an appropriation ordinance and the publication of the same, as required by statute, are an indispensable prerequisite to the exercise of the power to levy taxes. Thus, the passage of an appropriation ordinance, the publication of the same, and the elapse of ten-days' time following the publication of the appropriation ordinance, are the fundamentals, all of which must concur to the exercise of the power to levy taxes. In this case the appropriation ordinance did not become effective until ten days after its publication:

The appropriation ordinance in this case was duly passed and published. It was published on September 8, 1939. Instead of waiting the ten days prescribed by statute, at the expiration of which the appropriation ordinance would become effective, the board of commissioners in this case passed the levy ordinance on September 15, 1939, within ten days of the publication of the appropriation ordinance. It follows that during the ten-day period following the publication of the appropriation ordinance the board of commissioners was absolutely without power to pass the levy ordinance. A validating act cannot cure a lack of authority to act at all. *People* v. *Orvis,* 374 Ill. 536; *People* v. *Pennsylvania Railroad Co.* 375 id. 85.

In *People* v. *Pennsylvania Railroad Co. supra,* this court said that while the General Assembly may pass a curative act waiving some defect in the exercise of an existing

power, where the thing waived is not necessary to the exercise of the power, yet it cannot make valid by a curative act a void proceeding. This rule is firmly established. The validity of a tax levied is to be determined as of the time the levy was made. The General Assembly has no power to increase, by a curative act, a tax levy after it has been made. (*People* v. *Baum,* 367 Ill. 249.) Neither can it confer posthumously the power to levy a tax where such power did not exist at the time the attempted levy was made.

We have seen there is no statute authorizing the board of commissioners of a forest preserve district to levy a tax within ten days after the date of the publication of the appropriation ordinance. To hold this curative act effective would be the imposition of a tax upon the people of the district by the General Assembly in violation of sections 9 and 10 of article 9 of the constitution. (*People* v. *Illinois Central Railroad Co.* 310 Ill. 212; *Wetherell* v. *Devine,* 116 id. 631; *Updike* v. *Wright,* 81 id. 49.) The curative act relied upon by appellee was wholly ineffective. The taxes extended for the forest preserve district were extended upon a levy ordinance which, at the time it was passed, was beyond the powers conferred upon the district. The objections to these taxes should have been sustained on that ground.

The next objection of appellants is to taxes levied for the Waterman Community Fire Protection District. This fire protection district was organized under the act of July 8, 1927. (Ill. Rev. Stat. 1939, chap. 127½, par. 21.) The objection is that both the appropriation ordinance and the levy ordinance were passed on July 5, 1939. It was so stipulated in the record. No question is raised that the appropriation ordinance was not, in fact, passed prior to the passage of the levy ordinance although the stipulation shows that the two ordinances were passed on the same

day. Appellants contend that this tax is void for that reason.

Section 7 of the act relating to fire protection districts (Ill. Rev. Stat. 1939, chap. 127½, par. 27) provides that all ordinances making appropriations shall, within one month after they are passed, be published at least once in a newspaper published in said district, or where no newspaper is published within the district, shall be posted. This provision is similar to the provisions in the Cities and Villages act, and other acts of similar import. It is not contended, however, that there is any provision contained in the act relating to fire protection districts which requires that the appropriation ordinance shall be in force before the levy ordinance is passed. By that act the power to levy taxes is given by section 14. (Ill. Rev. Stat. 1939, chap. 127½, par. 34.) No limitation is imposed by the act upon the power to levy taxes by that section except as to the rate at which they shall be extended. It is contended by appellants that the provisions relating to appropriations contained in the act relating to budgets and appropriations by municipalities apply. (Ill. Rev. Stat. 1939, chap. 120, par. 365.1.) Section 2 of the Municipal Budget law defines the municipalities included within the terms of the act. This definition is broad enough to include fire protection districts. Section 3 provides that the governing body of each municipality within the act shall, within or before the first quarter of each fiscal year, adopt a combined annual budget and appropriation ordinance. It then provides that, except as otherwise provided by law, no further appropriation shall be made at any other time within the fiscal year. Section 4 of the act provides that the failure of the governing body of any municipality to adopt an annual budget and appropriation ordinance, or to comply in any respect with the provisions of the act, shall not affect the validity of any tax levy of any municipality

otherwise in conformity with the law. (Ill. Rev. Stat. 1939, chap. 120, par. 365.4.) Counsel then argue at length that this provision in section 4 is redundant and nullifies all other provisions of the act. Just how this could affect the validity of the tax in question does not appear.

Section 14 of the Fire Protection District act (Ill. Rev. Stat. 1939, chap. 127½, par. 34) confers upon the board of trustees of a fire protection district the power to levy taxes. There is no provision either in that act or in the municipal budget law which requires that there shall be an appropriation ordinance in force, as a prerequisite to the power to levy taxes. In the absence of any such provision contained in either of these acts, or by reference to any other act, no such provision can be read into the statute. The objection of appellants to the taxes levied for the Waterman Community Fire Protection District on the ground that no valid appropriation ordinance was in effect at the time the levy ordinance was passed was properly overruled.

The remaining objections of appellants are to the taxes extended for school districts Nos. 65, 66, 94, 410 and 419. These objections are based upon the contention that the amount of taxes extended exceeds the amounts appropriated in the budget and appropriation ordinances passed by the several districts. The objections extend only to the excess amounts extended in each district, over and above the amount contained in the budget and appropriation ordinances. Counsel have argued at some length the contention that the provision of section 4 of the Municipal Budget law (Ill. Rev. Stat. 1939, chap. 120, par. 365.4) which provides that the failure of the governing body to adopt an annual budget and appropriation ordinance, or to comply in any respect with any of the provisions of the act, shall not affect the tax levied, is redundant and nullifies all of the other provisions of the act. Even if we should adopt the contentions of appellants in this respect, just

how that would affect the validity of the tax does not appear. As already observed, section 3 of the act provides that the governing body of all municipalities shall adopt a combined annual budget and appropriation ordinance. Section 3a of the act (par. 365.3a) gives to school districts the option not to comply with section 3 in the manner provided in said section 3a.

The record in this case shows that the governing bodies of the five school districts involved did comply with section 3. That each of the districts passed a combined annual budget and appropriation ordinance making an estimate and appropriation of their tax needs for the current year. Having elected to comply with section 3 the districts were bound by its provisions. Having passed combined budget and appropriation ordinances, nothing contained either in section 3a, or in section 4, can have any application to the questions here involved.

The simple question presented by the objections to the school taxes in these districts is that the taxes levied exceeded the amounts appropriated for the purposes for which the taxes were levied. It is only the excess taxes objected to.

Section 3 of the Municipal Budget law, after providing for the adoption annually of a combined budget and appropriation ordinance, provides "except as otherwise provided by law, no further appropriation shall be made at any other time within such fiscal year," with certain exceptions not necessary to be noticed in this connection.

The purpose of the Municipal Budget law was to require municipalities coming within its terms to prepare a budget in advance of the amount of funds to be expended for each purpose during the current year. The school districts having elected to operate under section 3, instead of selecting the optional alternative given by section 3a, they were required to set forth in the budget and appropriation ordinances the various amounts to be expended for all pur-

poses. The appropriation ordinances circumscribe the purposes for which taxes may be raised and constitute a limitation on the amounts to be raised. A school district having adopted a budget and appropriation ordinance is limited by its terms both as to purposes and amounts. In such case it has, in compliance with the statute, determined the purposes for which taxes shall be raised for the current year and the amount which shall be used for each purpose. It has no power to exceed those amounts. Whether some of the provisions of section 4 are redundant to other provisions of the act, or, if given effect, would nullify other portions of the act, as well as the rights of a school district which has elected to operate under section 3a, are wholly foreign to any issue here involved.

Clearly, these several school districts, after having adopted combined budget and appropriation ordinances, were limited in the amount of taxes which they could levy to the amounts contained in the budget and appropriation ordinances. The taxes in question were extended at an excessive rate. In each district the amounts extended for building purposes were void to the extent the amounts extended for that purpose exceeded the amount appropriated therefor in the budget and appropriation ordinance of that particular district. It follows that the objections of appellants to the taxes against their properties in these school districts should have been sustained.

The judgment of the county court is affirmed as to the taxes extended for the Waterman Community Fire Protection District and reversed as to the taxes extended for the DeKalb County Forest Preserve District and also as to the school taxes extended for the school districts, and the cause is remanded to the county court of DeKalb county, with directions to sustain the objections to the taxes extended for the DeKalb County Forest Preserve District and school districts Nos. 65, 66, 94, 410 and 419.

*Reversed in part and remanded, with directions.*