*In re* APPLICATION OF THE DU PAGE COUNTY COLLECTOR, for Judgment for Delinquent Taxes for the Year 1990 (John Lotus Novak, Petitioner-Appellee, v. American National Bank, Trust No. 62999, *et al.*, Objectors-Appellants).

Second District    No. 2—96—0842

Opinion filed April 30, 1997.

Benjamin P. Alschuler, of Wildman, Harrold, Allen & Dixon, of Aurora, for appellants.

Joseph E. Birkett, State's Attorney, of Wheaton (Margaret M. Healy and Anna B. Harkins, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE COLWELL delivered the opinion of the court:

Objectors, owners of real property in Du Page County, appeal an order granting summary judgment to the petitioner, John Lotus Novak, the Du Page County Collector (Collector), and overruling objections to taxes levied by various school districts and other taxing bodies for contributions to the Illinois Municipal Retirement Fund (IMRF). Objectors and the Collector stipulated that, with specified exceptions, the trial court's resolution of the objection of American National Bank, trust No. 62999, to the tax levy of School District No. 203 (the district) for fiscal 1990 would bind other taxing districts for other years insofar as the objections to those levies raised legally indistinguishable issues.

On appeal (see 155 Ill. 2d R. 304(a)), objectors argue that the trial court erred in upholding the district's IMRF-related tax levy for fiscal 1990. Objectors maintain that the district did not comply with section 7—171(a) of the Illinois Pension Code (Ill. Rev. Stat. 1989, ch. 108½, par. 7—171(a) (now codified, as amended, at 40 ILCS Ann.

5/7—171(a) (Smith-Hurd Supp. 1996))) because it failed to pass an appropriation ordinance approving the IMRF contributions before it levied the taxes to raise these sums. According to objectors, section 7—171(a) required the district to follow section 8—2—9 of the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 8—2—9) by adopting an appropriation ordinance that included the IMRF contributions. Thus, they maintain, the district did not validate the tax levy merely by including the sums in the annual budget it adopted pursuant to the School Code (see Ill. Rev. Stat. 1989, ch. 122, par. 17—1 *et seq.*).

The Collector responds that the district complied with section 7—171(a) by allocating money for the IMRF contributions through its normal budget process and that it did not need to pass an appropriation ordinance to "appropriate" the necessary sums. The Collector relies in part on *People ex rel. Bonefeste v. B.D.H. Rentals*, 277 Ill. App. 3d 614 (1996), in which the Appellate Court, Fourth District, rejected a similar challenge to a school district's tax levy for pension contributions. The Collector also observes that, when the legislature amended section 7—171(a) in 1995, it explicitly validated IMRF-related levies that school districts adopted prior to the amendment's effective date. See Pub. Act 87—329, § 5, eff. August 17, 1995 (amending 40 ILCS 5/7—171 (West 1994)). As he did at the trial level, the Collector argues that the history of this legislation shows that it was intended to clarify existing law rather than change it and thus is evidence that section 7—171(a) previously authorized the appropriation method the district used here.

We agree with *Bonefeste* that (irrespective of the 1995 amendment) section 7—171(a) allows a school district to levy a tax for IMRF purposes if the school district has set aside this money in a duly adopted annual budget. Thus, we affirm.

As in effect in 1990, section 7—171(a) provided, in pertinent part:

> "(a) Each municipality *shall appropriate* an amount sufficient to provide for the current municipality contributions required by Section 7—172 of this Article, for the fiscal year for which the appropriation is made and all amounts due for municipal contributions for previous years." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 108¹/₂, par. 7—171(a) (now codified, as amended, at 40 ILCS Ann. 5/7—171(a) (Smith-Hurd Supp. 1996)).

According to objectors, the above language requires school districts, which are "municipalities" for purposes of the Illinois Pension Code (see Ill. Rev. Stat. 1989, ch. 108¹/₂, par. 7—132(a)(2)), to pass appropriation ordinances as opposed to merely budgeting for IMRF-related expenditures, as they do for other matters, pursuant to the School Code. We disagree.

Objectors acknowledge that this argument was rejected in *Bonefeste*, where the appellate court upheld a school district's IMRF-related levy even though the district passed no appropriation ordinance but relied on its annual budget. The court observed first that, unlike most other municipalities, school districts are not required by statute to pass appropriation ordinances. *Bonefeste*, 277 Ill. App. 3d at 624, citing Ill. Rev. Stat. 1989, ch. 85, par. 802(1). The court reasoned that requiring school districts to pass appropriation ordinances for IMRF purposes would conflict with the legislative intent behind this general exemption. *Bonefeste*, 277 Ill. App. 3d at 624.

The court explained second that section 7—171(a)'s command to "appropriate" money requires only that the district set aside a specified amount of money for the governmental purpose at hand (here, IMRF-related expenditures). *Bonefeste*, 277 Ill. App. 3d at 624, relying on Black's Law Dictionary 101 (6th ed. 1990). *Bonefeste* reasoned that a school district that formally adopts a budget pursuant to the School Code "appropriates" money by legislatively authorizing spending a given amount on a particular object. Thus, the court concluded, the district followed section 7—171(a) and its IMRF-related levy was valid. *Bonefeste*, 277 Ill. App. 3d at 624-25.

■ We agree with *Bonefeste* that a duly adopted school district budget that sets aside spending for IMRF purposes "appropriates" money for that purpose in satisfaction of section 7—171(a) of the Illinois Pension Code. This commonsense conclusion avoids carving out an exception to the School Code or elevating formalities over substance. Moreover, it accords not only with the dictionary definition of "appropriate" but also with the case law. See *Illinois Municipal Retirement Fund v. City of Barry*, 52 Ill. App. 3d 644, 646 (1977); *Schwartz v. City of Chicago*, 223 Ill. App. 184, 192 (1921) (an appropriation is setting apart from public revenue a certain sum of money for a specific object).

Objectors maintain that *Bonefeste*'s reading of section 7—171(a) conflicts with *People ex rel. Larson v. Thompson*, 377 Ill. 104 (1941). However, *Thompson* established no enduring principle that local tax levies must always be preceded by appropriation ordinances of the type specified by the Illinois Municipal Code. Rather, *Thompson* merely discussed and applied the municipal budget statute as it then existed, noting that the law at that time applied to school districts as it did to municipalities in general. *Thompson*, 377 Ill. at 116-18. Nothing in *Thompson* casts doubt on the validity of *Bonefeste*.

752

For the foregoing reasons, judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and BOWMAN, JJ., concur.