No. 2--96--0842

               

___________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

___________________________________________________________________

In re APPLICATION OF THE             )  Appeal from the Circuit Court 

DU PAGE COUNTY COLLECTOR,       )  of Du Page County.

for Judgment for Delinquent          )

Taxes for the Year 1990         )  No. 91--TX1--130

                                )  

(John Lotus Novak, Petitioner-       )

Appellee, v. American National  )

Bank, Trust No. 62999; Athena   )

Industries; Brush Hill Trust;        )

Connecticut Mutual; DeVry,      )

Inc.; Edgewood Bank; Wilbur A.  )

Eich, Trustee; FVOC II/Walsh,   )

Higgins; Glen Ellyn Clinic;          )

High Grove East/Walsh, Higgins; )

IR Construction Products Compa- )

ny; John M. Smythe Company;          )

Lawrence Kadish; Pansophic Sys-      )

tems; Rogers and Company; Summit)

Associates; Urbco, Inc.; UTI of )  Honorable

Illinois; and Walsh, Higgins,   )  John W. Darrah,

Objectors-Appellants).               )  Judge, Presiding.

_________________________________________________________________

     

     JUSTICE COLWELL delivered the opinion of the court:

     Objectors, owners of real property in Du Page County, appeal

an order granting summary judgment to the petitioner, John Lotus

Novak, the Du Page County Collector (Collector), and overruling

objections to taxes levied by various school districts and other

taxing bodies for contributions to the Illinois Municipal

Retirement Fund (IMRF).  Objectors and the Collector stipulated

that, with specified exceptions, the trial court's resolution of

the objection of American National Bank, Trust No. 62999, to the

tax levy of School District No. 203 (the district) for fiscal 1990

would bind other taxing districts for other years insofar as the

objections to those levies raised legally indistinguishable issues.

     On appeal (see 155 Ill. 2d R. 304(a)), objectors argue that

the trial court erred in upholding the district's IMRF-related tax

levy for fiscal 1990.  Objectors maintain that the district did not

comply with section 7--171(a) of the Illinois Pension Code (Ill.

Rev. Stat. 1989, ch. 108½, par. 7--171(a)(now codified, as amended,

at 40 ILCS Ann. 5/7--171(a) (Smith-Hurd Supp. 1996))) because it

failed to pass an appropriation ordinance approving the IMRF

contributions before it levied the taxes to raise these sums. 

According to objectors, section 7--171(a) required the district to

follow section 8--2--9 of the Illinois Municipal Code (Ill. Rev.

Stat. 1989, ch. 24, par. 8--2--9) by adopting an appropriation

ordinance that included the IMRF contributions.  Thus, they

maintain, the district did not validate the tax levy merely by

including the sums in the annual budget it adopted pursuant to the

School Code (see Ill. Rev. Stat. 1989, ch. 122, par. 17--1 et

seq.).

     The Collector responds that the district complied with section

7--171(a) by allocating money for the IMRF contributions through

its normal budget process and that it did not need to pass an

appropriation ordinance to "appropriate" the necessary sums.  The

Collector relies in part on People ex rel. Bonefeste v. B.D.H.

Rentals, 277 Ill. App. 3d 614 (1996), in which the Appellate Court,

Fourth District, rejected a similar challenge to a school

district's tax levy for pension contributions.  The Collector also

observes that, when the legislature amended section 7--171(a) in

1995, it explicitly validated IMRF-related levies that school

districts adopted prior to the amendment's effective date.  See

Pub. Act 87--329, eff. August 17, 1995 (amending 40 ILCS 5/7--171

(West 1994)).  As he did at the trial level, the Collector argues

that the history of this legislation shows that it was intended to

clarify existing law rather than change it and thus is evidence

that section 7--171(a) previously authorized the appropriation

method the district used here.

     We agree with Bonefeste that (irrespective of the 1995

amendment) section 7--171(a) allows a school district to levy a tax

for IMRF purposes if the school district has set aside this money

in a duly adopted annual budget.  Thus, we affirm.

     As in effect in 1990, section 7--171(a) provided, in pertinent

part:

          "(a) Each municipality shall appropriate an amount

     sufficient to provide for the current municipality

     contributions required by Section 7--172 of this Article, for

     the fiscal year for which the appropriation is made and all

     amounts due for municipal contributions for previous years." 

     (Emphasis added.)  Ill. Rev. Stat. 1989, ch. 108½, par. 7--

     171(a) (now codified, as amended, at 40 ILCS Ann. 5/7--171(a)

     (Smith-Hurd Supp. 1996)).  

     According to objectors, the above language requires school

districts, which are "municipalities" for purposes of the Illinois

Pension Code (see Ill. Rev. Stat. 1989, ch. 108½, par. 7--

132(a)(2)), to pass appropriation ordinances as opposed to merely

budgeting for IMRF-related expenditures, as they do for other

matters, pursuant to the School Code.  We disagree.  

     Objectors acknowledge that this argument was rejected in

Bonefeste, where the appellate court upheld a school district's

IMRF-related levy even though the district passed no appropriation

ordinance but relied on its annual budget.  The court observed

first that, unlike most other municipalities, school districts are

not required by statute to pass appropriation ordinances. 

Bonefeste, 277 Ill. App. 3d at 624, citing Ill. Rev. Stat. 1989,

ch. 85, par. 802(1).  The court reasoned that requiring school

districts to pass appropriation ordinances for IMRF purposes would

conflict with the legislative intent behind this general exemption. 

Bonefeste, 277 Ill. App. 3d at 624.

     The court explained second that section 7--171(a)'s command to

"appropriate" money requires only that the district set aside a

specified amount of money for the governmental purpose at hand

(here, IMRF-related expenditures).  Bonefeste, 277 Ill. App. 3d at

624, relying on Black's Law Dictionary 101 (6th ed. 1990). 

Bonefeste reasoned that a school district that formally adopts a

budget pursuant to the School Code "appropriates" money by

legislatively authorizing spending a given amount on a particular

object.  Thus, the court concluded, the district followed section

7--171(a) and its IMRF-related levy was valid.  Bonefeste, 277 Ill.

App. 3d at 624-25.  

     We agree with Bonefeste that a duly adopted school district

budget that sets aside spending for IMRF purposes "appropriates"

money for that purpose in satisfaction of section 7--171(a) of the

Illinois Pension Code.  This commonsense conclusion avoids carving

out an exception to the School Code or elevating formalities over

substance.  Moreover, it accords not only with the dictionary

definition of "appropriate" but also with the case law.  See

Illinois Municipal Retirement Fund v. City of Barry, 52 Ill. App.

3d 644, 646 (1977); Schwartz v. City of Chicago, 223 Ill. App. 184,

192 (1921) (an appropriation is setting apart from public revenue 

a certain sum of money for a specific object).

     Objectors maintain that Bonefeste's reading of section 7--

171(a) conflicts with People ex rel. Larson v. Thompson, 377 Ill.

104 (1941).  However, Thompson established no enduring principle

that local tax levies must always be preceded by appropriation

ordinances of the type specified by the Illinois Municipal Code. 

Rather, Thompson merely discussed and applied the municipal budget

statute as it then existed, noting that the law at that time

applied to school districts as it did to municipalities in general. 

Thompson, 377 Ill. at 116-18.  Nothing in Thompson casts doubt on

the validity of Bonefeste.

     For the foregoing reasons, judgment of the circuit court of Du

Page County is affirmed.

     Affirmed.

     McLAREN and BOWMAN, JJ., concur.