(No. 29076.—)

THE PEOPLE *ex rel.* Ivan R. Rhodes, County Collector, Appellee, *vs.* AGNES MILLER *et al.*—(NEW YORK CENTRAL RAILROAD COMPANY *et al.,* Appellants.)

*Opinion filed January 23, 1946.*

Donovan, Bray & Gray, and Barr & Barr, both of Joliet, for appellants.

James E. Burke, State's Attorney, (John C. Cowing, of counsel,) both of Joliet, for appellee.

Mr. Chief Justice Thompson delivered the opinion of the court:

The county collector of Will county applied for judgment against the properties of the appellants, New York Central Railroad Company, Chicago, Milwaukee, St. Paul and Pacific Railroad Company, Henry A. Scandrett, Walter J. Cummings and George I. Haight, trustees of the property of Chicago, Milwaukee, St. Paul and Pacific Railroad Company, the Alton Railroad Company, Henry A. Gardner, trustee of the Alton Railroad Company, the Elgin, Joliet and Eastern Railway Company, Chicago Rock Island and Pacific Railway Company, and Joliet Union Depot Company, for certain school taxes levied in 1943 and paid by appellants under protest. The appellants filed separate objections. They severally objected to the taxes levied for educational purposes by School Districts Nos. 86 and 204 in excess of $1 on each $100 assessed valuation. The Chicago, Milwaukee, St. Paul and Pacific Railroad Company and the trustees of its property also objected to that part of the taxes for educational purposes levied by School Dis-

trict No. 202 in excess of $1 per $100 assessed valuation. The cases were consolidated for hearing in the county court, and this appeal is from an order entered in each case overruling the objections filed therein.

School District No. 86, in 1943, levied for educational purposes a tax rate of $1.2883 per $100 assessed valuation; School District No. 204 a rate of $1.19; and School District No. 202 a rate of $1.47. Appellants' objections to the taxes in each of the school districts are that the statutory limit of the rate for educational purposes in 1943 was $1, unless a greater rate had been authorized by a vote of the district; that a special election was held in district 86 on May 25, 1929, purporting to authorize an increase in such rate to $1.25, and another special election held on May 23, 1942, at which said rate was purportedly increased to $1.30; that on November 20, 1937, District No. 204 held an election to increase the rate for educational purposes to $1.25; and that a special election was held in District No. 202 on May 1, 1937, purporting to authorize an increase in the educational rate to $1.625; and that said elections and each of them were invalid and did not legally authorize an increase in the tax rates above the statutory limit of $1, as the ballots used were not in the form required by the statute.

There is no dispute as to the facts. The ballots used at each election are substantially in the same form in all material respects. The voters were required in each instance to vote for or against the proposition to authorize the levy of an annual tax for educational purposes at the specified increased rate. None of the ballots complied with the mandatory requirements of section 16 of the former Ballot Law, (Ill. Rev. Stat. 1941, chap. 46, par. 305,) now section 7 of article 16 of the Election Code of 1943. (Ill. Rev. Stat. 1943, chap. 46, par. 16-7.) The elections were therefore invalid for want of a proper ballot and did not authorize the additional rates. *People ex rel. De Rosa* v.

*Chicago and North Western Railway Co.* 391 Ill. 145; *People ex rel. Henry* v. *New York Central Railroad Lines,* 381 Ill. 490.

Appellants' original brief and argument in this court is devoted exclusively to their contention that the ballots employed in the elections were in such form that the elections vested no authority in the school districts to levy taxes for educational purposes at a rate in excess of $1 per $100 of assessed valuation. Appellee does not specifically admit that these elections were invalid, but such admission appears in appellee's failure to answer this point in his brief and argument. He does not attempt to sustain the tax objected to in School Districts Nos. 86 and 204; but it is his contention that the taxes objected to in School District No. 202 are valid and should be sustained because levied subsequent to the effective date of a curative act passed by the legislature in 1943. (Ill. Rev. Stat. 1943, chap. 122, par. 407.2.) By this curative act, which is entitled "An Act to validate ballots used in submitting special propositions at school elections," it was provided that where in any school district, prior to the time the act became effective, a majority of the legal voters voting on the proposition to increase the tax rate or tax rates have voted in favor of each proposition at an election duly called and held for such purpose and the ballot used to vote upon each such proposition at said election was not in the form as set out in the statute, but the ballot used was in such form that voters could clearly understand the proposition or propositions being voted upon and gave each voter an opportunity to vote for or against each proposition, then each such ballot was validated and made legal and the use thereof at such elections legalized with like effect as though the ballots so used were in the statutory form. It was held in *People ex rel. De Rosa* v. *Chicago and North Western Railway Co.* 391 Ill. 145, that this curative act cannot validate a levy made before the act became effective. The

levies in School Districts Nos. 86 and 204 were each made prior to the effective date of the curative act, and appellee specifically limits his application of the act to the election held in School District No. 202. This narrows the issues presented on this appeal to the single question as to whether the curative act, which became effective July 17, 1943, validated the election in School District No. 202 and authorized the levy of $1.47 for educational purposes made by the district on August 20, 1943.

It is argued by appellee that the legislature can validate anything which it might have authorized in advance, and, since the legislature had the power to fix the limit of tax rate in school districts and also the power to prescribe the ballot to be used at elections voting upon the proposition to increase the rate and could have provided that the form of the ballot be such as that used in said election in School District No. 202, requiring the electors to vote "for" or "against" the proposition to increase the rate, that it necessarily follows that it was empowered to enact validating legislation which would have the effect of curing defects in the form of the ballot, and therefore said curative act operated to validate the election of May 1, 1937, in School District No. 202 and thus validate the subsequent tax levy made by the district on August 20, 1943.

It is well settled that although the legislature may, by statute, validate the irregular or defective exercise of a power where the power already existed, and the proceeding sought to be cured was not one of the fundamentals of the power exercised, it cannot by a curative act render a void proceeding valid. (*People ex rel. Little* v. *Peoria & Eastern Railway Co.* 383 Ill. 79; *People ex rel. Toman* v. *Chicago Great Western Railroad Co.* 379 Ill. 594; *People ex rel. Vaughan* v. *Thompson,* 377 Ill. 244; *People ex rel. Leaf* v. *Orvis,* 374 Ill. 536; *People ex rel. Johnson* v. *Southern Railway Co.* 367 Ill. 389.) The rule which recognizes the power of the legislature to validate, by a

curative act, proceedings which it might have authorized in advance is limited to cases of the irregular exercise of a power, and does not operate to supply a power which was lacking in the first instance. (*People ex rel. Little* v. *Peoria & Eastern Railway Co.* 383 Ill. 79; *People ex rel. Gill* v. *Baum,* 367 Ill. 249; *People ex rel. Stevenson* v. *Illinois Central Railroad Co.* 310 Ill. 212.) The rule is firmly established that while a curative statute may heal irregularities, it cannot make valid a proceeding which is void. (*People ex rel. Larson* v. *Thompson,* 377 Ill. 104.) It cannot infuse life and validity into that which, without its aid, is wholly void. Jurisdictional requirements, whether statutory or constitutional, cannot be waived by subsequent curative legislation. The decisions of this court have thoroughly committed it to the proposition that the form of the ballot must conform to the stautory mandate; that if the ballot deviates in a matter of substance from the form prescribed by the applicable statute, the election is void; (*People ex rel. Henry* v. *New York Central Railroad Lines,* 381 Ill. 490; *Knappenberger* v. *Hughes,* 377 Ill. 126;) and that it is a matter of substance whether the ballot requires the voter to vote for or against the proposition or whether the proposition is submitted to a "yes" and "no" vote. *People ex rel. Henry* v. *New York Central Railroad Lines,* 381 Ill. 490; *Knappenberger* v. *Hughes,* 377 Ill. 126.

The question argued on this appeal is identical with that decided by this court in the case of *People ex rel. Little* v. *Peoria & Eastern Railway Co.* 383 Ill. 79, upon objection to the county tax for tuberculosis-sanitarium purposes in excess of the 25-cent limit. There, the excess tax purported to be levied under authorization of an election which was invalid because the ballot used did not comply with statutory requirements. The collector contended that the defect in the election was cured and the tax objected to was lawful by virtue of the provisions of a certain validat-

ing act. The levy was made after the effective date of the curative act therein invoked, and the sole question presented was whether that fact rendered the curative act effective as validating the election and levy. It is not necessary to elaborate or enlarge on the opinion in that case, in which this court decided the point at issue in the case at bar contrarily to the contention of appellee. The holding in that case is controlling here, and we quote therefrom as follows: (p. 83,) "The sole authority or jurisdiction of the taxing body to levy this excess tax was a valid election authorizing such excess levy. As the election was void there was no authority whatever to levy the tax. To hold, in such a situation, that the validating act was effective to authorize the increased levy would be to approve a tax wholly unauthorized and thus impose a tax upon the taxpayers of the county by an act of the General Assembly, in violation of sections 9 and 10 of article IX of the constitution. (*People* v. *Pennsylvania Railroad Co.* 375 Ill. 85; *People* v. *Illinois Central Railroad Co.* 310 Ill. 212; *Herschbach* v. *Kaskaskia Island Sanitary and Levee Dist.* 265 Ill. 388; *Wetherell* v. *Devine*, 116 Ill. 631.) It is clear, under the holdings of this court, that the curative act of 1939 did not validate the void election. As this is so, no authority for such tax existed at the time of the levy of the excess sanitarium tax in this case. This is true even though the tax was not levied until after the passing of the validating act. It follows that the trial court erred in overruling appellants' objections to the excess county tax for tuberculosis-sanitarium purposes."

The judgments of the county court of Will county are reversed and the cause is remanded to that court with directions to sustain appellants' objections and to order that the amounts objected to be refunded.

*Reversed and remanded, with directions.*