THE VILLAGE OF RIVER FOREST, Plaintiff-Appellant, v. MIDWEST BANK & TRUST CO. et al., Defendants-Appellees.

(No. 56181;

First District (2nd Division)—May 15, 1973.

Charles L. Michod, of Chicago, for appellant.

Equi, Farwell, Rickelman & Proteau, and Laser, Schostok, Kolman & Frank, both of Chicago, (Paul J. Proteau, Milton J. Kolman, and Stephen J. Pokorny, of counsel,) for appellees.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

The issue in this appeal is whether a municipal ordinance, invalid because the municipality lacked power to adopt it, is validated only by the subsequent enactment of an enabling statute. To resolve this issue we turn to principles well established in the law of municipal corporations. First, however, we will state the material facts.

## I.

The plaintiff in this litigation was the Village of River Forest, an Illinois municipal corporation. Defendants were Midwest Bank & Trust Co., trustee of a land trust and four individuals, all bachelors, unrelated to each other by birth, adoption or marriage. The subject of the controversy was a four-bedroom residence, 914 Harlem Avenue in River

Forest, a part of the Village which since 1922 has been zoned for single-family use. In 1959, Village adopted a zoning ordinance which defined "family" as "[o]ne or more persons occupying a premises and living as a single housekeeping unit, and related to each other by birth, adoption or marriage, and including domestic servants, as distinguished from a group occupying a rooming house or hotel  *  *  *." [1]

In *City of Des Plaines v. Trottner*, 34 Ill.2d 432, 216 N.E.2d 116, a case decided in 1966, the Illinois Supreme Court held that under statutes then in force, Illinois municipalities lacked power to adopt a zoning ordinance which defined "family" so that a residence could not be occupied by four young men because they were not related to each other by birth, adoption or marriage. In effect, the court held that no Illinois municipality had the power to adopt an ordinance that defined "family" as did the zoning ordinance which River Forest adopted in 1959. As an apparent legislative response to *Trottner*, however, the General Assembly, effective August 26, 1967, enacted a statute that gave municipalities the power "to classify, to regulate and restrict the use of property on the basis of family relationship, which family relationship may be defined as one or more persons each related to the other by blood, marriage or adoption and maintaining a common household." [2] Despite this enactment, the Village of River Forest did not readopt its 1959 zoning ordinance defining "family" nor did it adopt an ordinance as corporate authorities were empowered to do by the 1967 statute.

In January 1970, Midwest Bank and Trust Company, Trustee of Trust No. 650901, held title to 914 Harlem Avenue. In its capacity as trustee, it entered into articles of agreement for warranty deed with four bachelors who agreed to purchase the residence for $38,000 payable over a period of years. The bachelors entered into possession and lived there as one housekeeping unit. On November 12, 1970, Village filed a complaint against Midwest and the bachelors. It alleged the zoning of 914 Harlem Avenue for single-family use, enactment of its 1959 zoning ordinance defining "family," and occupancy of the residence by the bachelors in violation of the zoning ordinance. Among other relief, Village prayed for an injunction restraining defendants from using 914 Harlem Avenue as a multiple-family dwelling in violation of its zoning ordinance. The complaint was later amended and the bachelors filed an answer. Thereafter, memoranda of law were filed, the cause set for hearing and evidence was heard. It was shown that 914 Harlem Avenue was zoned for

---

[1] In 1959, by authority of Ill. Rev. Stat. 1957, ch. 24, par. 73—1(1), Illinois municipalities had general power to enact zoning ordinances that defined land use.

[2] Ill. Rev. Stat. 1967, ch. 24, par. 11—13—1(9).

single-family use; that in 1959 Village adopted its ordinance defining "family" as persons related to one another by birth, adoption or marriage; that in 1966 the Supreme Court of Illinois in *Trottner* held that Illinois municipalities lacked power to adopt such an ordinance; that in August 1967 the General Assembly granted municipalities the power to adopt such ordinance; and that thereafter, the Village of River Forest did not re-adopt the ordinance so defining "family."

After the hearing, the trial court held that in 1959 when Village adopted its zoning ordinance, it lacked power to define "family" as it had done; that Village should have readopted its ordinance in 1967 when the General Assembly gave municipalities the power to adopt such ordinances; and that not having done so, the bachelors were free to live in 914 Harlem Avenue, even though they were not related to each other by birth, adoption or marriage. The amended complaint was dismissed for want of equity. Village contends that the trial court erred in making this ruling. It argues that there is a presumption which supports the validity of its 1959 zoning ordinance, a presumption that defendants did not overcome. It insists that the decision of the Illinois Supreme Court in *Trottner* did not affect the validity of its ordinance; that in any event, by the 1967 statute, the General Assembly validated the ordinance Village had adopted in 1959, even though the ordinance was not re-adopted.

## II.

■■ In the law of municipal corporations, it is settled that a municipality like River Forest derives its existence and powers from the General Assembly. Such a municipality does not possess inherent powers.[3] In order to legislate on a particular subject, River Forest must point to a statute that expressly gives it authority. Statutes granting power to municipal corporations are strictly construed; and any fair or reasonable doubt concerning existence of an asserted power is resolved against the municipality. See *Father Basil's Lodge, Inc. v. City of Chicago*, 393 Ill. 246, 252, 65 N.E.2d 805; 62 C.J.S. Municipal Corporations § 412.

■■ It is a corollary of these principles that a municipal ordinance adopted without express statutory authority is void. (*Two Hundred Nine Lake Shore Building Corp. v. City of Chicago*, 3 Ill.App.3d 46, 278 N.E.2d 216.) However, a municipal ordinance, void or defective because in its enactment there was some irregularity, omission or failure in complying with the law, may be rendered valid by state legislation, if there is no constitutional inhibition and the legislature had power to

---

[3] This, of course, is not true of a municipal corporation that qualifies for home rule under the home rule provisions of the 1970 Illinois Constitution. See Ill. Const. 1970, art. VII, sec. 6; *City of Evanston v. County of Cook*, 53 Ill.2d 312, 291 N.E.2d 823.

authorize the ordinance. (See *Bean v. Town of Vidor* (Tex. Civ. App. 1969), 440 S.W.2d 676; 5 McQuillan, Municipal Corporations, § 16.94 (3d ed.).) Even if such cases, legislative validations are limited by the rule that validity cannot be given to assumed municipal power which did not exist when it was exercised. (*People ex rel. Ward v. Chicago & E. I. Ry. Co.*, 365 Ill. 202, 6 N.E.2d 119.) Furthermore, a validating statute must name or in some way identify the void ordinance, or clearly indicate that the statute is to validate it. *City of Chicago v. Rumpff*, 45 Ill. 90; 92 Am. Dec. 196.

## III.

■■ In this case, prior to 1967, Illinois municipalities did not have express statutory authority to adopt an ordinance that prohibited persons unrelated by birth, adoption or marriage from occupying the same single-family residence as a housekeeping unit. (*City of Des Plaines v. Trottner*, 34 Ill.2d 432, 216 N.E.2d 116.) The Village of River Forest, then, lacked power to adopt its 1959 ordinance which so restrictively defined "family" that the four bachelors in this case could not live in 914 Harlem Avenue, River Forest. The ordinance was void. *Baltis v. Village of Westchester*, 3 Ill.2d 388, 121 N.E.2d 495.

■■■ When in 1967, the legislature gave municipalities the power to restrict the use of property to defined family relationships, it could not have validated it. A municipal ordinance, invalid because the municipality lacked power to adopt it, is not validated only by the subsequent enactment of an enabling statute. (See *People ex rel. Larson v. Thompson*, 377 Ill. 104, 35 N.E.2d 355; compare *Aurora Sanitary District v. Randwest Corporation*, 123 Ill.App.2d 444, 258 N.E.2d 817.) Therefore, River Forest should have re-adopted its 1959 ordinance or adopted one like it. Not having done either of these, the four-bachelor-defendants in this case, although unrelated to each other by birth, adoption or marriage, could occupy 914 Harlem Avenue in River Forest as a single housekeeping unit.[4] The trial court did not err in its ruling. We affirm the judgment.

Affirmed.

STAMOS, P. J., and SCHWARTZ, J., concur.

---

[4] Zoning ordinances, like the one involved in this appeal, have been the subject of considerable litigation in recent years. See *Borass v. Village of Belle Terre* (2d Cir. 1973), 41 L.W. 2476 and the cases cited.

In *Borass*, the United States Court of Appeals for the Second Circuit, with one judge dissenting, held that a zoning ordinance limiting occupancy of one-family dwellings to traditional family units or to groups of not more than two unrelated persons establishes a classification that does not in fact bear a substantial relation to any lawful zoning objective and therefore violates the due process and the equal protection clauses of the fourteenth amendment to the United States Constitution.