172 Ill. App.3d 897 (1988)
527 N.E.2d 141
In re APPLICATION OF THE COUNTY COLLECTOR OF KANE COUNTY FOR JUDGMENT FOR DELINQUENT TAXES FOR THE YEAR 1985 (The People ex rel. Robert Critton, Kane County Collector, Applicant-Appellee,
v.
American National Bank and Trust Company, as Trustee, et al., Objectors-Appellants (The City of Aurora, Intervenor-Appellee)).
No. 2-87-0931.
Illinois Appellate Court  Second District.
Opinion filed August 1, 1988.
*898 *899 Alschuler, Putnam, McWethy, Funkey & Lewis, P.C., of Aurora (Paul A. Lewis, of counsel), for appellants.
Robert F. Casey, State's Attorney, of Geneva, and Ronald R. Moses, Corporation Counsel, of Aurora (Michael B. Weinstein, of counsel), for appellee City of Aurora.
Reversed and remanded.
JUSTICE NASH delivered the opinion of the court:
Certain tax objectors appeal from an order of the circuit court which overruled their objections to entry of judgment against them for delinquent real estate taxes for 1985. Objectors challenged the extension of the tax levy of the City of Aurora against their property on the ground that at the time the levy ordinance was passed by the city, no appropriation ordinance was in force and effective, and the levy was thus invalid.
The objectors contend on appeal (1) that the levy ordinance was void as to them for failure of the city to comply with the time periods for publication of ordinances prescribed by section 2-28 of the Aurora Code of Ordinances (Aurora, Ill., Code of Ordinances § 2-28) and by section 1-2-4 of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 1-2-4) as the city failed to publish its appropriation ordinance at least 10 days prior to passing the levy ordinance; and (2) that the subsequent act adopted by the General Assembly, which purports *900 to validate Aurora's 1985 tax levy, did not do so.
The City of Aurora responds that by adopting its 1985 appropriation ordinance as a home rule unit, the city repealed and effectively removed the ordinance publication requirements of section 2-28 of Aurora's Code of Ordinances, which had been enacted prior to the adoption of the Illinois Constitution of 1970. The city also asserts that under its home rule powers, it need not follow the publication requirements of section 1-2-4 of the Illinois Municipal Code, and that the apparent limitations on home rule powers found in section 8.2 of "An Act to revise the law in relation to notices" (Notices Act) (Ill. Rev. Stat. 1985, ch. 100, par. 10) were improperly passed by the General Assembly and, thus, do not act to require a home rule unit to follow the publication provisions contained in the Municipal Code. The city further argues that any defect in the adoption of its 1985 levy ordinance was cured with the passage of Public Act 85-855 (1987 Ill. Laws 3554) by the General Assembly and its approval by the Governor.
The objectors each paid their 1985 real estate taxes under protest and filed objections to the city levy. The City of Aurora was permitted to intervene in the application of the county collector for judgment for delinquent taxes for 1985 to present its own case, and a stipulation of fact was entered, as follows: that Aurora was a home rule municipality and had passed both its appropriation and levy ordinance for the 1985 tax year at a meeting of its city council held on March 26, 1985; that no addition, modification, refiling, amendment or substitute for either ordinance was thereafter enacted or filed by the city; and that section 2-28 of the Aurora Code of Ordinances and section 10 of the Notices Act (Ill. Rev. Stat. 1985, ch. 100, par. 8.2) were both in full force and effect at the time the appropriation and levy ordinances were adopted.
 1 We note, too, that the parties do not dispute that before a city may validly pass an ordinance levying taxes, it must have first passed an appropriation ordinance which is in full force and effect at the time of the adoption of the levy ordinance. People ex rel. Larson v. Thompson (1941), 377 Ill. 104, 109, 35 N.E.2d 355; City of Rockford v. Gill (1979), 75 Ill.2d 334, 343, 388 N.E.2d 384; In re Application of County Collector (1974), 21 Ill. App.3d 120, 314 N.E.2d 227 (abstract of opinion).
Section 2-28 of the Aurora Code of Ordinances was enacted by its city council at a time prior to the city attaining home rule unit status and was in force at the time of the passage of the appropriation and levy ordinances in issue. It provides, as relevant:

*901 "All ordinances of the city * * * making any appropriation, shall (1) be printed in book or pamphlet form, published by authority of the corporate authorities, or (2) be published at least once, within ten (10) days after passage, in one or more newspapers published in the city. No such ordinance shall take effect until ten (10) days after it is so published [with specific exceptions not applicable here]." (Emphasis added.) (Aurora, Ill., Code of Ordinances § 2-28.)
The Aurora ordinance closely tracks the language of the Illinois Municipal Code relating to publication of an appropriation ordinance:
"All ordinances of cities, villages and incorporated towns * * * making any appropriation, shall (1) be printed or published in book or pamphlet form, published by authority of the corporate authorities, or (2) be published at least once, within 30 days after passage, in one or more newspapers published in the municipality, or if no newspaper is published therein, then in one or more newspapers with a general circulation within the municipality. * * * No such ordinance shall take effect until 10 days after it is so published [with exceptions not applicable here]." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 24, par. 1-2-4.)
Section 10 of the Notices Act purports to make applicable to both home rule and non-home-rule municipalities those State statutes which require notice to be published, as follows:
"Sec. 10. Laws which require notice to be published or posted by a municipality * * * shall apply to municipalities * * * which are home rule units as well as municipalities * * * which are not home rule units. Any home rule unit may enact an ordinance prescribing more stringent requirements binding upon itself which would serve to give further notice to the public." Ill. Rev. Stat. 1985, ch. 100, par. 8.2 (Pub. Act 78-458, eff. Oct. 1, 1973).
After considering the arguments of the parties, the trial court found that section 10 of the Notices Act (Ill. Rev. Stat. 1985, ch. 100, par. 8.2) was passed by the General Assembly pursuant to section 6(i), article VII, of the Illinois Constitution of 1970, but to limit and bind a home rule unit to the notice and publication requirements of section 1-2-4 of the Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 1-2-4), section 10 should have been passed pursuant to section 6(g), article VII, of the Constitution. The court also found that by exercising its power as a home rule unit of government in passing its 1985 appropriation ordinance, the city superseded the publication requirements of section 2-28 of the Aurora Code of Ordinances, and the levy ordinance *902 was therefore valid. The application for judgment for delinquent taxes for 1985 by the county collector of Kane County was granted, and the objectors appeal.
 2 The parties urge upon us a number of constitutional issues; however, a reviewing court will decide a constitutional question only where it is essential to disposition of the case. (Bender v. City of Chicago (1974), 58 Ill.2d 284, 287, 319 N.E.2d 34; Village of Schaumburg v. Franberg (1981), 99 Ill. App.3d 1, 9, 424 N.E.2d 1239; City of Chicago v. Abdullah (1979), 76 Ill. App.3d 325, 328, 395 N.E.2d 50.) Those issues need not be reached here as we find that the tax objections should be sustained for failure of the City of Aurora to comply with the notice and publication requirements of section 2-28 of its own code of ordinances, resulting in a levy for taxes which is invalid as to the objectors.
As earlier noted, section 2-28 of the Aurora Code provides that any ordinance making an appropriation shall be published, in printed or pamphlet form or in a newspaper, and shall not take effect until 10 days after publication. The appropriation ordinance in question was passed and approved by the city council on March 26, 1985, and its section 5 provided, as follows:
"That this ordinance shall be in full force and effect from and after its final passage, approval, recording and publication and lapse of time prescribed by law." (Emphasis added.) (Aurora, Ill., Code of Ordinances § 5.)
Despite this directive contained in the appropriation ordinance, it was neither published, nor was any lapse of time observed by the city council, which proceeded in the same meeting to pass its levy ordinance.
The city argues that section 5 of the ordinance is not applicable because it also refers to a "recording," which is not required for an appropriation ordinance. The city characterizes section 5 as merely a standard format section used in adopting its ordinances. The city also asserts that the publication and lapse of time language of section 5 is a reference to requirements applicable only to its former status as a non-home-rule municipality, and as surplusage should be disregarded. We do not agree.
 3, 4 Even if the city was correct in its assumption that the publication requirements of its own ordinance, and that contained in section 1-2-4 of the Illinois Municipal Code, may be disregarded by the city, and we do not so hold, in our view it imposed such publication and time lapse requirements upon itself in the appropriation ordinance and may not avoid it. The clear language of its section 5 is that *903 the ordinance would not become effective until after it has been published and the time prescribed by law has elapsed. Whether the city was bound by section 5 would depend upon whether its directives are mandatory or directory. It is well settled that failure to comply with a mandatory provision of an ordinance will render void the proceeding to which it relates, while strict observance of a directory provision is not essential to validity. (Hester v. Kamykowski (1958), 13 Ill.2d 481, 484-85, 150 N.E.2d 196; Lincoln Park Realty, Inc. v. Chicago Comm'n on Human Relations (1972), 9 Ill. App.3d 186, 189, 292 N.E.2d 116.) Whether language in an ordinance is directory or mandatory is a question of legislative intent which must be gleaned from the nature and objective of the provision and the consequences which flow from any given construction. (Village of Mundelein v. Hartnett (1983), 117 Ill. App.3d 1011, 1016, 454 N.E.2d 29.) We find that the provisions the city now wishes to avoid are mandatory in nature.
Section 5 provides that the appropriation ordinance will be in effect after its publication and the lapse of time "prescribed by law." Although the section does not spell out what is prescribed by law, it is undisputed that the city had adopted section 2-28 of its code of ordinances prior to becoming a home rule unit and that prior to the time it acted upon the 1985 appropriation ordinance the city had not adopted any ordinance to repeal or modify section 2-28. It is apparent that when the appropriation ordinance was adopted, the only laws in effect which provided for publication and lapse of time, as referred to by section 5 of the ordinance, were that contained in section 2-28 of the Aurora Code or its counterpart in section 1-2-4 of the Illinois Municipal Code. The publication and time lapse provisions of those two laws are clearly mandatory and neither was followed prior to passage of the levy ordinance in issue.
 5 It is well settled that under the Illinois Municipal Code, and its predecessors, a municipal appropriation ordinance does not become effective until 10 days after its publication. (People ex rel. Larson v. Thompson (1941), 377 Ill. 104, 110-11, 35 N.E.2d 355 (citing Cities and Villages Act (Ill. Rev. Stat. 1939, ch. 24, par. 76)); People ex rel. Montgomery v. Wabash Ry. Co. (1935), 360 Ill. 173, 176, 195 N.E. 665; In re Application of County Collector (1974), 21 Ill. App.3d 120, 314 N.E.2d 227 (abstract of opinion).) As the statutory publication requirements for a valid appropriation ordinance are mandatory, and the city specifically incorporated those requirements into section 2-28 of its code of ordinances, the city was bound, by both the State statute and its own ordinance, to observe it.
 6 As noted above, we think the reference in section 5 of the appropriation *904 ordinance to requirements "prescribed by law" is a reference to those set forth in both the State statute and the prehome rule Aurora Code. In our view, by referring to those requirements in section 5 the city exhibited an intent to follow the procedures for enacting an effective appropriation ordinance as set forth in the statute and in its own code. That those procedures include a mandatory publication and time lapse cannot now be avoided by the city. To hold otherwise would allow a home rule municipality to adopt an ordinance pursuant to its home rule power and then, by invoking that same power, reject those portions of the ordinance which it decides, after the fact, do not suit its purposes. We do not think the home rule powers of a municipality permit such a procedure. On the contrary, while home rule unquestionably allows a municipality to adopt ordinances uniquely its own, the power does not change what appears to be an obvious principle that a municipality is bound by the mandatory provisions of its own existing ordinances.
 7 The city's failure to comply with the mandatory publication and time lapse provisions of its appropriation ordinance rendered the ordinance ineffective at the time the city sought to pass its levy ordinance. Absent an effective appropriation ordinance the city lacked power to adopt a levy ordinance (People ex rel. Stanfield v. Pennsylvania R.R. Co. (1954), 3 Ill.2d 524, 526, 121 N.E.2d 748 (dicta); Larson, 377 Ill. at 111; In re Application of County Collector, 21 Ill. App.3d at 120), and it was subject to the objections of these taxpayers.
 8 The city also contends that any error in the adoption of its levy ordinance was cured by subsequent legislation. Public Act 85-855 was enacted into law and became effective subsequent to entry of the final order in this case. The legislation stated that the 1985 City of Aurora tax levy ordinance was "validated, ratified and declared in full force and effect, notwithstanding such tax levy ordinance being adopted on the same date as the 1985 City of Aurora appropriation ordinance; and such appropriation ordinance is also hereby declared a valid and effective ordinance as of that same date." (Pub. Act 85-855, eff. Sept. 24, 1987.) Our review of the applicable law persuades us that the legislature's attempt to validate the challenged tax levy was ineffective.
It has long been established that the legislature can validate a defective exercise of power only where the power already existed at the time of the attempted exercise. (People ex rel. Rhodes v. Miller (1946), 392 Ill. 445, 449-50, 64 N.E.2d 869; Larson, 377 Ill. at 112-14; Village of River Forest v. Midwest Bank & Trust Co. (1973), 12 Ill. App.3d 136, 139-40, 297 N.E.2d 775; Two Hundred Nine Lake Shore *905 Building Corp. v. City of Chicago (1971), 3 Ill. App.3d 46, 51, 278 N.E.2d 216.) In Larson, the court determined that the tax levy of a forest preserve district, like the levy in the present case, was void because it was adopted before the district's appropriation ordinance became effective and was not aided by curative legislation which had been subsequently passed by the legislature. The rule as to curative legislation was stated by the court as follows:
"An examination of the numerous decisions of this court upon the subject of so-called curative or enabling acts discloses that the rule is definitely settled in this State, that the legislature may, by statute, validate the illegal or defective exercise of a power where the power exists at the time its exercise was attempted. However, the General Assembly cannot give validity to the exercise of a power where such assumed power did not exist at the time it was purported to have been exercised. The power to levy a tax by an administrative body is jurisdictional. Jurisdiction to act cannot be conferred by subsequent legislation where the power to act was lacking at the time the purported action was taken." Larson, 377 Ill. at 112.
According to the Rhodes court, "while a curative statute may heal irregularities, it cannot make valid a proceeding which is void." (Rhodes, 392 Ill. at 450.) In Two Hundred Nine Lake Shore Building Corp., where the city lacked power to enact a regulatory ordinance at the time it attempted to do so, the subsequent enabling legislation "could not and did not bring vitality to this otherwise barren attempt of the municipality to regulate." (Two Hundred Nine Lake Shore Building Corp., 3 Ill. App.3d at 51.) In the absence of an effective appropriation ordinance, the city in the present case lacked the power to enact a valid tax levy ordinance, and adoption of Public Act 85-855 by the legislature did not act to cure the invalidity of the city's action.
 9 The city directs us to language first set forth in People ex rel. Dougherty v. City of Rock Island (1915), 271 Ill. 412, 418, 111 N.E. 291, to the effect that the legislature has the power to validate void municipal proceedings as long as "the act ratified and confirmed [is one] which it was lawful for the Legislature to authorize in the first instance" and the ratification does not infringe on the rights of others. It is suggested that the legislature's validation of Aurora's tax levy meets the requirements of Dougherty. However, in later cases, while the statement of the rule set forth in Dougherty is similar, a qualification is added. The Rhodes court stated: "The rule which recognizes the power of the legislature to validate, by a curative act, proceedings *906 which it might have authorized in advance is limited to cases of the irregular exercise of a power, and does not operate to supply a power which was lacking in the first instance." (Rhodes, 392 Ill. at 449-50.) The Village of River Forest court also recognized the rule, but added: "Even in such cases, legislative validations are limited by the rule that validity cannot be given to assumed municipal power which did not exist when it was exercised." (Village of River Forest, 12 Ill. App.3d at 139-40.) Thus, the Dougherty rule as later qualified is consistent with the rule we follow here.
The city's other arguments in support of validation of its ordinance urge that the city should not be bound by the statutory appropriation and levy requirements for municipalities because the cases establishing the validation rules are outdated by the 1970 Constitution and recent budget legislation, other units of local government are not so bound, and, had it chosen to follow another section of the Municipal Code, the city would not have been required to publish its appropriation ordinance after its adoption. The city concludes that the jurisdictional nature of an appropriation ordinance does not accurately describe present day budgetary practices, and the Larson case, cited above, is referred to by the city as not applicable to today's reality. While these arguments might be effectively addressed to the legislature, they are not relevant here because they do not address the controlling law.
 10 In light of the conclusions we have reached we need not address the parties' other arguments. The 1985 tax levy ordinance of the City of Aurora was void as to these objectors and the application of the collector for their delinquent taxes resulting from that levy should have been denied.
Accordingly, the judgment of the circuit court is reversed, and the cause is remanded with directions to sustain the objections to the taxes extended for the City of Aurora for 1985.
Reversed and remanded.
INGLIS and WOODWARD, JJ., concur.