MURIEL DeCASTRIS, Plaintiff-Appellee, v. GANDHI GUTTA, Defendant-Appellant (M. DePetrouch *et al.*, Defendants).

Second District   No. 2—91—0624

Opinion filed October 8, 1992.—Rehearing denied November 16, 1992.

William L. Barr, Jr., and Randy J. Curato, both of Bell, Boyd & Lloyd, of Chicago, for appellant.

David B. Selig, of Sussman, Selig & Ross, and Michael W. Rathsack, both of Chicago, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

This action was brought to recover damages occasioned by the alleged medical negligence of the defendants in treating the plaintiff, Muriel DeCastris. Trial proceeded on plaintiff's third-amended complaint against only defendant Gandhi Gutta, M.D. Dr. Gutta severed plaintiff's bile duct during gallbladder surgery in 1984, leading to a series of complications including pancreatitis, infections and the need for an external drain. Plaintiff requested in argument at trial that the jury award her $650,000; defendant suggested an award of $150,000. The jury returned a general verdict for plaintiff in the amount of $225,000 upon which the court entered judgment. Dr. Gutta filed a timely post-trial motion pursuant to section 2—1205 of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—1205) to reduce the judgment by an amount equal to 50% of collateral source payments for medical expenses and lost wages which were shown by the evidence to total $103,206.79. Because the jury's verdict was a general one, the court declined to assume that it included an award for those payments, and it denied Dr. Gutta's motion. It is from that denial that Dr. Gutta appeals.

Dr. Gutta contends the court erred in refusing to reduce the judgment because the statute is mandatory and applies to unitemized, general verdicts. He further argues that the court ignored the established presumption that the jury is presumed to follow the instructions given it, that the jury's verdict necessarily included the plaintiff's medical expenses and lost wages, and that the plaintiff's constitutional challenge to section 2—1205 is waived and is unfounded.

Plaintiff argues the court's refusal to reduce the judgment should be affirmed because section 2—1205 violates due process and equal protection and, therefore, is unconstitutional, and, further, because Dr. Gutta has not shown that the trial court abused its discretion or that its finding was manifestly wrong.

Dr. Gutta replies that the plaintiff has waived the constitutionality issue by failing to file a cross-appeal and section 2—1205 has already been found to be constitutional. We affirm.

The jury trial took place from January 28 through February 8, 1991. During trial, the plaintiff testified in detail as to medical expenses totaling $89,206.79 which she testified "to the best of her knowledge and belief" had been paid in full. Dr. Gutta did not contest any of the medical bills and offered no evidence that these claimed medical bills were unreasonable, excessive or unrelated to the alleged negligence. Plaintiff also testified to lost income amounting to approximately $14,000. The parties do not dispute that the plaintiff's combined medical expenses and lost wages total $103,206.79.

During closing argument, plaintiff argued to the jury that, if it found for her, it was "a given" that she was entitled to reimbursement of the medical expenses and lost wages. Also in closing argument, Dr. Gutta argued to the jury that, with regard to medical bills and plaintiff's lost wages, if it found against him on liability, it would "maybe *** have to think about giving that to [plaintiff], yes."

Plaintiff's instruction No. 14 was given to the jury over Dr. Gutta's objection to the inclusion of future pain and suffering:

> "If you decide for the plaintiff on the question of liability, *you must then fix the amount of money which will reasonably and fairly compensate her for any of the following elements of damages proved by the evidence to have resulted from the negligence of the defendant*, taking into consideration the nature, extent, and duration of the injury.
>
> The disability and disfigurement resulting from the injury.
>
> The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.
>
> The *reasonable expense of necessary medical care, treatment, and services received*.
>
> *The value of earnings lost*." (Emphasis added.) Illinois Pattern Jury Instructions, Civil, No. 30.01 (3d ed. 1989) (hereinafter IPI Civil 3d).

Plaintiff's instruction No. 17, general "Verdict Form A," was agreed to be given to the jury. That verdict form provided that: "We, the jury, find for Muriel DeCastris and against Gandhi Gutta. We assess Muriel DeCastris' damages in the sum of $___." IPI Civil 3d No. 45.06.

On February 8, 1991, after argument and instructions, the jury returned a verdict in favor of the plaintiff and against Dr. Gandhi Gutta and awarded damages in the amount of $225,000. Judgment on the verdict was entered the same day.

On February 13, 1991, within 30 days of the entry of judgment, Dr. Gutta timely filed his motion to reduce the judgment pursuant to

section 2—1205 of the Civil Practice Law. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1205.) Insofar as pertinent here, the defendant requested in the motion that the court reduce the judgment by an amount equal to 50% of the collateral source payments for medical expenses and lost wages.

Plaintiff objected to the motion for reduction, contending that Dr. Gutta waived the right to the reduction by failing to tender an itemized verdict form as required by section 2—1109 of the Civil Practice Law. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1109.) That section requires a verdict in a case for damages for injury to the person to be itemized into economic and noneconomic losses. Absent such itemization, the plaintiff argued, the court must speculate whether the jury's verdict included none, some or all of the claimed medical and lost wage expenses that had been paid or become payable to her by collateral sources. Plaintiff also argued that section 2—1205, in its then-unamended form, was unconstitutional on due process and equal protection grounds and that there was no evidence that plaintiff had been reimbursed for the $14,000 in lost wages. Plaintiff also argued that there was evidence at trial from which the jury could have inferred that her medical costs and lost wages were paid on her behalf by others. Thus, the jury might not have included those special damages in its verdict.

The court held a hearing on Dr. Gutta's motion to reduce the judgment on April 2, 1991. At the hearing, the plaintiff represented to the court that she had not been reimbursed for the lost wages shown by the evidence at trial. Accordingly, the court permitted Dr. Gutta to propound an interrogatory on that issue. The plaintiff answered the interrogatory, which this court granted leave to be filed as a supplemental record, stating that of the approximate $16,000 in lost wages she actually incurred, $2,041 was reimbursed by insurance. Consequently, approximately $14,000 in lost wages, as presented during trial, had not been reimbursed. On May 6, 1991, the trial court denied Dr. Gutta's motion to reduce the judgment, stating:

"For this Court to reduce the instant judgment pursuant to Section 2—1205, the Court would have to *assume* that the jury's award included medical bills and lost wages. The Court can only speculate as to the substance of the jury's award without an itemized verdict. Such an assumption may be in error in light of the fact that there was evidence that the plaintiff was employed by an insurance carrier.

In upholding the constitutionality of Section 2—1205, the Illinois Supreme Court in *Benier [sic] v. Burris* (1986), 113 Ill.

2d 219, 497 N.E.2d 763, found that Section 2—1205 eliminated certain duplicative recoveries. The general verdict form does not adequately inform this Court as to whether or not there has been a duplicative recovery in the instant case." (Emphasis in original.)

We first address Dr. Gutta's contention that the court erred in refusing to reduce the judgment because the statute is mandatory and applies to unitemized, general verdicts. Plaintiff's argument below concerning the lack of an itemized verdict as required by section 2—1109 of the Civil Practice Law appears to be the one which influenced the trial court to deny reduction. Plaintiff renews that argument here in support of affirmance, contending preliminarily that if the intent of section 2—1205 is to prevent a "double recovery," thereby fostering the governmental interest in reducing the costs of malpractice actions (see *Bernier v. Burris* (1986), 113 Ill. 2d 219, 243), then it must first be determined that there is or will be a double recovery. That is, plaintiff contends, it was Dr. Gutta's burden to show that the verdict included an award of medical bills and lost wages. Plaintiff cites no authority for imposing this burden on Dr. Gutta, and, in fact, we find no such burden is imposed by virtue of section 2—1205 or section 2—1109.

■ Section 2—1205, in its unamended form, applied to the instant cause. It provides:

"An amount equal to 50% of the benefits provided for medical charges, hospital charges, lost wages, private or governmental disability income programs, or nursing or caretaking charges, which have been paid, or which have become payable to the injured person by any other person, corporation, insurance company or fund in relation to a particular injury, shall be deducted from any judgment in an action to recover for that injury based on an allegation of negligence or other wrongful act, not including intentional torts, on the part of a licensed hospital or physician; provided, however, that:

(1) Application is made within 30 days to reduce the judgment;

(2) Such reduction shall not apply to the extent that there is a right of recoupment through subrogation, trust agreement, lien, or otherwise; and

(3) The reduction shall not reduce the judgment by more than 50% of the total amount of the judgment entered on the verdict." Ill. Rev. Stat. 1983, ch. 110, par. 2—1205.

The amendment of this section, effective August 15, 1985, increased the allowable reduction for benefits payable for medical, hospital, nursing, or caretaking charges to 100%. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1205(ii).) Section 2—1205 now also prohibits reductions for charges paid for medical expenses which were "directly attributable to the adjudged negligent acts or omissions of the defendants found liable" (Ill. Rev. Stat. 1991, ch. 110, par. 2—1205(5)) and permits the damages awarded to be increased by the amounts paid in two preceding years for premiums or other costs associated with obtaining the collateral benefits (Ill. Rev. Stat. 1991, ch. 110, par. 2—1205(4)).

Under the provisions of the statute in effect at the time of Dr. Gutta's motion for reduction, it was his burden to make application for reduction within 30 days of the judgment and to show the amount of the benefits that were paid or have become payable to the plaintiff by collateral sources and which are not subject to recoupment through subrogation, trust agreement, lien or otherwise. The statute provides that the deduction shall be made "from *any* judgment" but it "shall not reduce the judgment by more than 50% of *the total amount* of the judgment entered on the verdict." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 110, par. 2—1205.) Although the phrase "any judgment" would include a general as well as an itemized verdict, the phrase "the total amount" of the judgment suggests a verdict that is itemized and must be totaled so that the reduction does not exceed 50% of the total amount.

Section 2—1109, in effect at the time plaintiff filed her complaint here on May 23, 1985, provided:

"In every case where damages for injury to the person are assessed by the jury the verdict shall be itemized so as to reflect the monetary distribution among economic loss and noneconomic loss, if any." Ill. Rev. Stat. 1983, ch. 110, par. 2—1109.

Dr. Gutta's motion for reduction of the judgment identified plaintiff's hospital and medical expenses and her lost wages as "economic" damages (*cf.* Ill. Rev. Stat. 1991, ch. 110, par. 2—1702 (defining "economic loss" as "all pecuniary harm for which damages are recoverable")). Effective August 15, 1985, and applicable only to cases filed thereafter (see Ill. Ann. Stat., ch. 110, par. 2—1109, Historical & Statutory Notes, at 32 (Smith-Hurd Supp. 1992) re: effective date of Pub. Act 84—7, which included the amendments to sections 2—1205 and 2—1109), section 2—1109 now provides for itemization which will reflect the distribution of economic loss by specific categories which

must be further itemized to show the amounts intended to compensate for losses incurred prior to the verdict and those intended to compensate for losses which will be incurred in the future. Ill. Rev. Stat. 1991, ch. 110, par. 2—1109.

We find specious plaintiff's contention that the inability to determine whether the jury's general verdict here included her medical expenses and lost wages is attributable to Dr. Gutta's failure to seek a verdict itemized, at a minimum, as to economic and noneconomic losses as required by the then-unamended version of section 2—1109. The verdict form tendered here was tendered by plaintiff herself, and Dr. Gutta, not surprisingly, simply agreed to it.

Plaintiff acknowledges the rule that one who elects a particular form of verdict cannot later argue that which could have been clarified if a proper verdict form had been used. (*Moore v. Jewel Tea Co.* (1970), 46 Ill. 2d 288, 294.) Plaintiff seeks to have this rule applied against Dr. Gutta since he agreed to the general verdict form, yet she ignores the fact that it was she who tendered the general verdict form in the first place and that it is she who now seeks to avoid reduction of the judgment by saying the general verdict does not clearly show that her medical expenses and lost wages are included therein. Her assertion that, when the verdict form was tendered, "no one knew that defendant intended to later ask for application of 2—1205" ignores Dr. Gutta's pretrial interrogatory to her seeking "pursuant to §2—1205 of the Illinois Code of Civil Procedure" to discover the collateral source payments made for each of the plaintiff's medical or hospital bills.

The itemization of a verdict so as to reflect the monetary distribution between economic loss and noneconomic loss has been held to be mandatory and the refusal of such a tendered instruction to be reversible error. (*Henderson v. Hudson* (1984), 121 Ill. App. 3d 780.) However, no such itemized verdict form was either tendered *or* refused here.

■ Under the circumstances presented by the record before us, we are compelled to agree with Dr. Gutta that the mere fact that the verdict was a general one does not preclude its reduction pursuant to section 2—1205. Although the court in *Witherell v. Weimer* (1987), 118 Ill. 2d 321, evidently impliedly approved the reduction of a general verdict, the precise issue at bar was not presented there, and, in fact, the plaintiff in that case *agreed* that any award was subject to reduction in the amount of $41,052.77. (*Witherell*, 118 Ill. 2d at 327.) There is no such agreement here, of course. Consequently, we consider that *Witherell* provides scant support for Dr. Gutta's position.

We think it is evident that section 2—1205 was not meant to be applied in a vacuum but, rather, was intended to operate in tandem with related statutes and, in particular, with section 2—1109 in furtherance of the well-established legislative intent to eliminate duplicative recoveries thereby fostering the goal of reducing the costs of malpractice actions. (See *Bernier v. Burris* (1986), 113 Ill. 2d 219, 243.) Clearly, the reduction of recoveries which are not duplicative or otherwise validly subject to remittitur serves no purpose we can discern save the undermining of the jury's verdict.

■ Inasmuch as this court's duty is to review a trial court's judgment and not its reasons therefor (*Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135), and, assuming *arguendo* that the jury's verdict did include recovery for plaintiff's medical expenses and lost wages, we find we nonetheless may affirm the court's refusal to reduce the judgment on the basis that Dr. Gutta failed to prove the reduction to which he was entitled. As to the plaintiff's hospital and medical expenses, the interrogatories and answers appended to Dr. Gutta's motion to reduce showed plaintiff's answer that, "Jackson & Long & Associates, Travelers Insurance" made medical or hospital bill payments, but her answer did not include, as the interrogatory had requested, a response as to "the amount paid by that entity." Notably, Dr. Gutta's motion for reduction alleged that, "[a]pparently all, or substantial [*sic*] all of the hospital bills, physician bills, and related expenses were paid by insurance." Nothing presented by Dr. Gutta in his pleadings or at the hearing established to what extent plaintiff's hospital and medical expenses were paid or were payable to her or to others on her behalf by those two collateral sources. Nor do we find any evidence in the record that Dr. Gutta showed the collateral source payments made were not subject to a right of recoupment in which case reduction would not be warranted to whatever extent the recoupment applied. Ill. Rev. Stat. 1983, ch. 110, par. 2—1205(2).

As to plaintiff's lost wages, the interrogatory propounded to her following the hearing on Dr. Gutta's motion for reduction shows she lost approximately $16,000 in wages, only $2,041 of which was reimbursed. Plaintiff further alleged that evidence of the lost wages which had already been reimbursed was not presented at trial; rather, only evidence of her unreimbursed lost wages was presented.

We conclude that Dr. Gutta failed to show he was entitled to a reduction of the judgment as provided in section 2—1205, and, therefore, the court's judgment was not against the manifest weight of the evidence.

■ Because we find we must affirm the court's judgment on this basis, a review of plaintiff's challenge to the constitutionality of section 2—1205 is not essential and will not be undertaken. (*Cf. Werner v. Botti, Marinaccio & DeSalvo* (1990), 205 Ill. App. 3d 673 (reviewing court will decide constitutional questions only where resolution of those questions is essential to disposition of appeal); see also *In re Application of County Collector* (1988), 172 Ill. App. 3d 897, *aff'd* (1989), 132 Ill. 2d 64).) We reject, however, Dr. Gutta's contention that plaintiff waived the issue by not cross-appealing; the trial court's judgment here did not specifically rule that section 2—1205 *was* constitutional. (See *Cleys v. Village of Palatine* (1980), 89 Ill. App. 3d 630, 635 ("where a general decision for the appellee contains a specific finding unfavorable to him and he fails to file a cross-appeal, the adverse finding is not properly before the reviewing court").) The court's judgment merely referred to the *Bernier* case wherein the present amended version of section 2—1205 was found to be constitutional. (*Bernier v. Burris* (1986), 113 Ill. 2d 219.) Nor do we agree with Dr. Gutta that *Witherell v. Weimer* (1986), 148 Ill. App. 3d 32, *rev'd & remanded on other grounds* (1987), 118 Ill. 2d 321, is wholly dispositive of the constitutionality of section 2—1205 in its unamended state. *Witherell* upheld the constitutionality of the section but only as against a special legislation challenge which is similar to that of an equal protection claim. (*Witherell*, 148 Ill. App. 3d at 34.) Plaintiff's challenge here included a due process challenge as well.

For the reasons stated above, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER and NICKELS, JJ., concur.